**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Missouri

Case number (*If known*):_____ Chapter 11\_\_\_\_\_

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Arch Coal, Inc. | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 43-0921172 | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| One CityPlace Drive, Suite 300 | |
| Number      Street | Number      Street |
| St. Louis, Missouri 63141 | |
| City      State    ZIP Code | City      State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| St. Louis | |
| County | Number      Street |
| | City        State      ZIP Code |

5. **Debtor's website (URL)**       www.archcoal.com

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor Name <u>Arch Coal, Inc.</u>                                        Case number(*if known*)_____

**7.**   **Describe debtor's business**        A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/

<u>2 1 2 1</u>

**8.**   **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**   **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                                MM / DD / YYYY

District _____   When _____   Case number _____
                                                MM / DD / YYYY

**10.**   **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor <u>See Attachment 1</u>                        Relationship _____

District _____   When _____
                                                                                MM / DD /YYYY

Case number, if known _____

Debtor  <u>Arch Coal, Inc.</u>                                     Case number (*if known*)_____
      <sub>Name</sub>

---

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:* |
|---|---|---|

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention? (Check all that apply.)**

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?_____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number     Street

_____

_____    _____    _____
City                                                 State            ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact    _____

        Phone    _____

---

**■ Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor  Arch Coal, Inc.                                    Case number (*if known*)_____
     Name

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.  Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01 / 11 / 2016
         MM / DD / YYYY

✗  /s/ Robert G. Jones_____          Robert G. Jones_____
   Signature of authorized representative of debtor     Printed name

Title Senior Vice President - Law, General Counsel and Secretary_____

**18.  Signature of attorney**

✗  /s/ Brian C. Walsh_____          Date  01 / 11 / 2016_____
   Signature of attorney for debtor                MM / DD / YYYY

Brian C. Walsh_____
Printed name

Bryan Cave LLP_____
Firm name

One Metropolitan Square, 211 North Broadway, Suite 3600_____
Number     Street

St. Louis_____          Missouri_____          63102_____
City                             State                    ZIP Code

314-259-2000_____          brian.walsh@bryancave.com_____
Contact phone                       Email address

58091MO_____          Missouri_____
Bar number                     State

**Attachment to Voluntary Petition for Non-Individuals Filing for
Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 1-13105.

2. The following financial data is the latest available information and refers to the debtor's condition on September 30, 2015.

a. Total assets            $   5,847,997,000

b. Total debts (including debts listed in 2.c., below)    $   6,453,437,000

c. Debt securities held by more than 500 holders

|  |  |  | Approximate number of holders: |
|---|---|---|---|
| secured ☐   unsecured ☒   subordinated ☐ | $ | 1,041,284,722 | |
| secured ☐   unsecured ☒   subordinated ☐ | $ | 396,087,240 | |
| secured ☒   unsecured ☐   subordinated ☐ | $ | 363,611,111 | |
| secured ☐   unsecured ☒   subordinated ☐ | $ | 510,069,444 | |
| secured ☐   unsecured ☒   subordinated ☐ | $ | 1,039,861,111 | |

d. Number of shares of preferred stock

e. Number of shares common stock     21,446,233

Comments, if any:

3. Brief description of debtor's business:   Arch is a leading producer and marketer of coal in the United States, with operations and coal reserves in each of the major coal-producing regions of the Country. As of November 2015, it was the second-largest holder of coal reserves in the United States, Owning or controlling over five billion tons of proven and probable reserves.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

**ATTACHMENT 1**

**PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Missouri. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Relationship | District | Date | Case Number |
|---|---|---|---|---|
| ACI Terminal, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Allegheny Land Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Apogee Holdco, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Coal, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Coal Sales Company, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Coal West, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Development, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Energy Resources, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Reclamation Services, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Western Acquisition Corporation | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Western Acquisition, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Western Bituminous Group, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Western Finance, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch Western Resources, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Arch of Wyoming, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Ark Land Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Ark Land KH, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Ark Land LT, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Ark Land WR, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Ashland Terminal, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Bronco Mining Company, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |

| Entity Name | Relationship | District | Date | Case Number |
|---|---|---|---|---|
| Catenary Coal Holdings, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Catenary Holdco, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Coal-Mac, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| CoalQuest Development LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Cumberland River Coal Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Energy Development Co. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Hawthorne Coal Company, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Hobet Holdco, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Hunter Ridge, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Hunter Ridge Coal Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Hunter Ridge Holdings, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG Beckley, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG East Kentucky, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG Eastern, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG Eastern Land, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG Illinois, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG Knott County, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG Natural Resources, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| ICG Tygart Valley, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| International Coal Group, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Jacobs Ranch Coal LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Jacobs Ranch Holdings I LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Jacobs Ranch Holdings II LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Juliana Mining Company, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| King Knob Coal Co., | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |

| Entity Name | Relationship | District | Date | Case Number |
|---|---|---|---|---|
| Inc. | | | | |
| Lone Mountain Processing, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Marine Coal Sales Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Melrose Coal Company, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Mingo Logan Coal Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Mountain Coal Company, L.L.C. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Mountain Gem Land, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Mountain Mining, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Mountaineer Land Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Otter Creek Coal, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Patriot Mining Company, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| P.C. Holding, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Powell Mountain Energy, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Prairie Coal Company, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Prairie Holdings, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Saddleback Hills Coal Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Shelby Run Mining Company, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Simba Group, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Thunder Basin Coal Company, L.L.C. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Triton Coal Company, LLC | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Upshur Property, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Vindex Energy Corporation | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Western Energy Resources, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| White Wolf Energy, Inc. | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |
| Wolf Run Mining Company | Affiliate | Eastern District of Missouri | 1/11/16 | Not Yet Assigned |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 16-[      ] (___)** |
| **Arch Coal, Inc.** | **(Joint Administration Proposed)** |
| **Debtors.** | |

## LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the 30 largest general unsecured claims against Arch Coal, Inc. and its subsidiaries that have filed voluntary petitions for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Missouri on the date hereof (collectively, the "**Debtors**"), on a consolidated basis. This list has been prepared from the Debtors' books and records.

This list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in this chapter 11 case. The list does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest general unsecured claims.

This list reflects the information existing and available as of January 11, 2016. The Debtors reserve the right to amend this list based on information existing as of the filing date.

The information presented herein, including the Debtors' failure to list any claim as contingent, unliquidated or unknown, does not constitute an admission or waiver of the Debtors' right to contest the validity, priority or amount of any claim.

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Eastern District of Missouri |
| Case number *(If known):*_____ Chapter 11_____ |

☐ Check if this is an
amended filing

<u>Official Form 201</u>
## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the Largest Unsecured Claims and Are Not Insiders
12/15

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  UMB Bank 2 South Broadway Suite 600 St. Louis, MO 63102 | Rick Novosak Tel:   314-612-8483 Fax:   314.612.8499 richard.novosak@umb.com | Bond Claim (7.25% Unsecured Notes Due 2021) | | | | $1,041,284,722 |
| 2  UMB Bank 2 South Broadway Suite 600 St. Louis, MO 63102 | Rick Novosak Tel:   314-612-8483 Fax:   314.612.8499 richard.novosak@umb.com | Bond Claim (7.00% Unsecured Notes Due 2019) | | | | $1,039,861,111 |
| 3  US Bank, NA One US Bank Plaza SI-MO-T3CT St. Louis, MO 63101 | Cheryl Rain Tel:   314-418-2465 cheryl.rain@usbank.com | Bond Claim (7.25% Senior Notes Due 2020) | | | | $510,069,444 |
| 4  UMB Bank 2 South Broadway Suite 600 St. Louis, MO 63102 | Rick Novosak Tel:   314-612-8483 Fax:   314.612.8499 richard.novosak@umb.com | Bond Claim (9.875% Unsecured Notes Due 2019) | | | | $396,087,240 |
| 5  UMB Bank 2 South Broadway Suite 600 St. Louis, MO 63102 | Rick Novosak Tel:   314-612-8483 Fax:   314.612.8499 richard.novosak@umb.com | Bond Claim (8.00% Senior Secured Notes Due 2019) | | | | $363,611,111 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 Kinder Morgan Operating L.P. Kinder Morgan Terminals 500 Dallas Street Suite 1000 Houston, TX 77002 | Mickey Holman Tel:  314-647-7529 Fax:  314-647-8084 | Trade Debt | | | | $59,625,000 |
| 7 Office Of Natural Resources Revenue Royalty Management Program PO Box 5810 Denver, CO 80217 | Patrick Etchart Tel:    303-231-3162 patrick.etchart@onrr.gov | Royalty Claim | | | | $11,510,671 |
| 8 Wyoming Machinery 1940 Elk Street Rock Springs, WY 82901 | Carl Lembke Tel:    307-472-1000 Fax:    307-251-4712 | Trade Debt | | | | $4,385,768 |
| 9 AFCO Premium Finance Credit LLC 4501 College Boulevard Leawood, KS 66211 | Paula Higgins Tel:   913-491-5002 pjhiggins@afco.com | Insurance Premium Financing | | | | $4,208,369 |
| 10 BNSF Railway Revenue Management 176 East Fifth Street St. Paul, MN 55101 | George Duggan Tel:    817-867-6523 Fax:    817-352-7940 george.duggan@bnsf.com | Trade Debt | | | | $3,517,427 |
| 11 Joy Global 722 Kentucky Avenue PO Box 139 Norton, VA 24273 | Julie Hamilton Tel:  276-679-1082 Fax:  276-679-6186 | Trade Debt | | | | $2,960,841 |
| 12 Mine Safety And Health Administration MSHA Finance Branch PO Box 25367 Denver, CO 80225 | Kevin Stricklin Tel:  202-693-9500 Fax:  202-693-9501 | Government Authority | | | | $2,232,331 |
| 13 Environmental Protection Agency 1200 Pennsylvania Avenue Washington, DC 20460 | Gina McCarthy Tel:    202-564-4700 mccarthy.gina@epa.gov | Government Authority | | | | $2,000,000 |
| 14 Union Pacific Railroad Company 12567 Collections Center Drive Chicago, IL 60693 | Doug Glass Tel:    402-544-5678 Fax:    402-501-0163 djglass@up.com | Trade Debt | | | | $1,950,000 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  State Of Wyoming Office of Public Lands 122 West 25th St. Herschler Building Cheyenne, WY 82002 | Larry Claypool Tel:   307-775-6256 Fax:   307-775-6129 larry_claypool@blm.gov | Royalty Claim | | | | $1,785,726 |
| 16  Nelson Brothers 888 Oakwood Road Suite 100 Charleston, WV 25314 | Kathy Robb Tel:   888-769-3765 Fax:   304-340-1530 | Trade Debt | | | | $1,654,085 |
| 17  Flanders Electric Motor Service 8108 Baumgart Road PO Box 23130 Evansville, IN 47711 | David Patterson Tel:   812-867-7421 Fax:   307-237-4098 | Trade Debt | | | | $1,223,018 |
| 18  Cecil I. Walker 29773 Network Place Chicago, IL  60673 | Zach Lucas Tel:   304-872-4303 Fax:   304-872-4392 | Trade Debt | | | | $916,920 |
| 19  Thermo Environmental Instrument PO Box 742784 Atlanta, GA 30374 | Ron Smith Tel:   814-749-8142 Fax:   508-520-2800 | Trade Debt | | | | $792,263 |
| 20  Fairmont Supply 1136 Coal Heritage Road Bluefield, WV 24701 | Dave West Tel:   800-361-3368 Fax:   866-432-2829 | Trade Debt | | | | $775,431 |
| 21  Bank Direct Capital Finance 150 N. Field Drive Suite 190 Lake Forest, IL 60045 | Maribel Lopez Tel:   877-226-5456 Fax:   877-226-5297 mlopez@bankdirectcapital.com | Insurance Premium Financing | | | | $689,996 |
| 22  URS Energy & Construction, Inc. 720 Park Boulevard Boise, ID 83729 | Steve Taylor Tel:   303-843-2647 Fax:   303-843-3340 | Trade Debt | | | | $674,998 |
| 23  Monongahela Power Company 76 South Main Street Akron, OH 43308 | Leila L. Vespoli Tel:   800-686-0022 Fax:   877-289-3674 | Utility Claim | | | | $659,839 |
| 24  MCRL LLC 200 Meridian Centre Suite 300 Rochester, NY 14618 | Andrea Harvey Tel:   307-696-8164 Fax:   307-696-8168 | Trade Debt | | | | $611,073 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 25 Komatsu Equipment 10790 Highway 59 South Gillette, WY 82718 | John Pfister Tel:   801-952-4712 Fax:   866-246-4487 | Trade Debt | | | | $583,367 |
| 26 Kanawha Stone Company PO Box 503 Nitro, WV 25143 | Howard Winters Tel:   304-729-9328 Fax:   304-755-8274 | Trade Debt | | | | $577,284 |
| 27 Cole & Crane Real Estate Trust 7265 Kenwood Road Suite 366 Cincinnati, OH 45236 | Tel:   304-697-2716 Fax:   304-697-2717 coleandcrane@wvdsl.net | Royalty Claim | | | | $535,000 |
| 28 AON Premium Finance LLC 200 E. Randolph Street Chicago, IL 60601 | Bill Wood Tel:   312-381-4628 bill.wood@aon.com | Insurance Premium Financing | | | | $533,543 |
| 29 Enserco Energy Inc. 1900 16th Street Suite 450 Denver, CO 80202-5219 | Jim Lynn Tel:   303-566-3469 Fax:   303-476-5992 jim.lynn@enserco.com | Trade Debt | | | | $529,487 |
| 30 UMWA Health & Retirement Funds 2121 K Street, NW Washington, DC 20037 | Mooney, Green, Saindon, Murphy & Welch PC 1920 L Street, NW Suite 400 Washington, DC 20036 Tel:   202-783-0010 Fax:   202-783-6088  Morgan, Lewis & Bockius LLP 1701 Market Street Philadelphia 19103 Tel:   215-963-5000 Fax:   215-963-5001 | Litigation | Contingent Unliquidated Disputed[1] | | | Unknown |

---

[1] This claim is related to Patriot Coal Corporation.  The Debtors believe this claim is meritless.

## DECLARATION UNDER PENALTY OF PERJURY
## <u>CONCERNING CONSOLIDATED CREDITOR LIST</u>

I declare under the penalty of perjury that I have read the foregoing list of consolidated

creditors holding the 30 largest unsecured claims and that it is true and correct to the best of my

information and belief.

Dated:   January 11, 2016
         St. Louis, Missouri

By:   /s/ Robert G. Jones
      Robert G. Jones
      Senior Vice President - Law, General Counsel and
      Secretary

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 16-[      ] (___)** |
| **Arch Coal, Inc.** | **(Joint Administration Proposed)** |
| **Debtors.** | |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, Arch Coal, Inc. (the "**Company**") hereby states that no corporation directly or indirectly owns 10% or more of the Company's equity interests.

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with the reliance on appropriate corporate officers.

Dated:   January 11, 2016
        St. Louis, Missouri

By:   /s/ Robert G. Jones
        Robert G. Jones
        Senior Vice President - Law, General Counsel and
        Secretary

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11**<br>**Case No. 16-[      ] (___)** |
| **ARCH COAL, INC.** | **(Joint Administration Proposed)** |
| **Debtors.** | |

**VERIFICATION OF CREDITOR MATRIX**

      The above named debtor hereby certifies under penalty of perjury that the attached list containing the names and addresses of its creditors (the "**Matrix**"), consisting of approximately 550 pages, is true, correct and complete.

**ARCH COAL, INC.**

Dated:   January 11, 2016
         St. Louis, Missouri

         By:   /s/ Robert G. Jones
                 Robert G. Jones
                 Senior Vice President - Law, General Counsel and
                 Secretary

**ARCH COAL, INC.**
**(a Delaware corporation)**

**CERTIFICATE OF RESOLUTION**

January 10, 2016

I, Robert G. Jones, Senior Vice President – Law, General Counsel and Secretary of Arch Coal, Inc., a Delaware corporation (the "Company"), do hereby certify as follows:

1.    I am the duly elected and qualified Senior Vice President – Law, General Counsel and Secretary of the Company, and as such am familiar with the facts herein certified and I am duly authorized to certify same on behalf of the Company.

2.    Attached hereto is a true, complete and correct copy of the resolutions of the Board of Directors of the Company, duly adopted at a properly convened meeting of the Board of Directors on January 10, 2016, by unanimous vote of the directors there present, in accordance with the bylaws of the Company and in accordance with the requirements of applicable law.

3.    Such resolutions have not been amended, modified, annulled, revoked or rescinded and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

[Signature Page Follows]

IN WITNESS WHEREOF, I have hereunto set my hand as of the date first written above.

/s/ Robert G. Jones
Robert G. Jones
Senior Vice President – Law, General Counsel and
Secretary

**Arch Coal, Inc.**

**Resolutions of the Board of Directors**

January 10, 2016

Commencement of Chapter 11 Case

WHEREAS the Board reviewed and considered the materials presented by the Company's management team and its financial and legal advisors regarding the Company's liabilities and liquidity, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

WHEREAS the Board consulted with the Company's management team and its financial and legal advisors, and has fully considered each of the Company's strategic alternatives.

NOW, THEREFORE, BE IT RESOLVED that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees and other stakeholders that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED that each of the Company's Chairman, Chief Executive Officer, President, Chief Operating Officer, Chief Commercial Officer, Senior Vice Presidents, Chief Financial Officer, General Counsel, Secretary, Vice Presidents and Chief Accounting Officer (each, an "Authorized Officer") be, and each of them hereby is, authorized on behalf of the Company to execute and verify petitions under chapter 11 of the Bankruptcy Code and to cause such petitions to be filed in the United States Bankruptcy Court for the Eastern District of Missouri (the "Court"), each such petition to be filed at such time as the Authorized Officer executing the petition shall determine and to be in the form approved by the Authorized Officer executing such petition, such approval to be conclusively evidenced by the execution, verification and filing thereof;

Retention of Advisors

RESOLVED that the law firm of Davis Polk & Wardwell LLP be, and hereby is, retained as counsel to the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED that the law firm of Bryan Cave LLP be, and hereby is, retained as local counsel to the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED that FTI Consulting, Inc. be, and hereby is, retained as restructuring financial advisor for the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED that PJT Partners be, and hereby is, retained as investment banker for the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED that Prime Clerk LLC be, and hereby is, retained as notice, claims and solicitation agent for the Company in the Company's chapter 11 case, subject to the approval of the Court; and

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to execute and file in the Company's chapter 11 case all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to retain and obtain assistance from additional legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that any such Authorized Officer deems necessary or desirable in connection with the Company's chapter 11 case; provided, however, that any such act or deed shall remain subject to further Board approval to the extent required under the Company's existing delegations of authority and/or corporate governance practices and procedures.

Debtor in Possession Financing

WHEREAS the Company and its subsidiaries have determined to enter into the Credit Agreement (as defined below) to obtain financing in the form of a superpriority senior secured debtor-in-possession credit facility in an aggregate principal amount of up to $275 million (the "Credit Facility"), the proceeds of which will be used for general corporate and working capital purposes, including for capital expenditures and to pay fees and expenses associated with the Company's and its subsidiaries' chapter 11 cases and the Credit Facility;

WHEREAS the lenders under the Credit Facility will require, as a condition to the extension of the Credit Facility, that each of the Company and its subsidiaries, other than certain non-guarantor subsidiaries, of the Company (the "Subsidiary Guarantors"; the Subsidiary Guarantors together with the Company, the "Loan Parties") grant first priority priming liens and security interests in substantially all of its assets to secure its and the other Loan Parties' obligations under the Credit Agreement and the other Loan Documents (as defined below); and

WHEREAS the Board has determined that (i) the Company will receive direct and indirect economic benefits from the Credit Facility, (ii) it is in the best interest of the Company to enter into the Credit Agreement and the other Loan Documents and (iii) it is in the best interest of the Company to authorize the Authorized Officers to take any and all actions as they may deem appropriate to effectuate the transactions contemplated by the Credit Agreement and each of the other Loan Documents.

NOW THEREFORE, BE IT RESOLVED that the Company be, and it hereby is, authorized and empowered to enter into the Credit Agreement and each of the other Loan Documents, to borrow under the Credit Facility at such times and in such amounts as any Authorized Officer shall deem necessary or advisable and as shall be permitted by the terms of the Loan Documents, and to consummate all the other transactions contemplated by the Loan Documents, including, without limitation, to grant first priority priming security interests in and pledge, mortgage or grant deeds of trust with respect to, its right, title and interest in and to its properties and assets to the extent required to secure its and the other Loan Parties' obligations under the Loan Documents and to grant superpriority claim status with regard thereto;

RESOLVED that each of the Authorized Officers of the Company be, and each of them hereby is, authorized to negotiate, execute and deliver, in the name and on behalf of the Company, a definitive credit agreement (the "Credit Agreement") and any other further documentation (including, without limitation, pledge agreements, guarantee agreements, security agreements, control agreements, promissory notes, mortgages, intellectual property security agreements, financing statements and other documents under which a security interest in the assets of the Company is being created, and each other agreement, document or instrument required thereunder, collectively and together with the Credit Agreement, the "Loan Documents") in the form and upon the terms and conditions as any Authorized Officer may approve (such approval to be conclusively established by such Authorized Officer's execution and delivery thereof), and to perform the Company's obligations thereunder, including the fees and expenses related thereto, and to take all actions in accordance therewith that any of them may deem necessary or advisable to consummate the transactions contemplated thereby, and the actions of such Authorized Officers in negotiating the terms of, and in executing and delivering, each of the Loan Documents, and any other action taken in connection therewith, on behalf of the Company be, and the same hereby are, ratified, confirmed, approved and adopted;

RESOLVED that any Authorized Officer of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to execute and deliver any amendment (including amendments increasing the amount of credit available under the Credit Agreement and/or extending the maturity of the same), amendment and restatement or other modification to the Credit Agreement or any of the other Loan Documents (each, an "Amendment"), such approval to be conclusively evidenced by the execution and delivery thereof; provided, however, that any such Amendment shall remain subject to further Board approval to the extent required under the Company's existing delegations of authority and/or corporate governance practices and procedures; and

RESOLVED that any Authorized Officer of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to execute and deliver any officer's, secretary's or similar certificate on behalf of the Company in connection with the Credit Agreement or any of the other Loan Documents or any Amendment and the transactions contemplated therein, with such changes as such Authorized Officer executing the same may approve, such approval to be conclusively evidenced by the execution and delivery thereof.

<u>Securitization Facility</u>

WHEREAS the Company and/or certain of the Company's subsidiaries have determined to (x) enter into, continue selling, contributing and/or servicing certain eligible trade receivables (including collections, proceeds, rights to lockbox collection accounts and certain other interests related thereto, the "Receivables") in accordance with the terms of, and otherwise perform under, (i) that certain Second Amended and Restated Receivables Purchase Agreement (the "RPA") among Arch Receivable Company, LLC ("Arch Receivable"), as seller, Arch Coal Sales Company, Inc. ("Arch Sales"), as initial servicer, PNC Bank, National Association ("PNC Bank") as administrator (in such capacity, the "Administrator") and issuer of letters of credit thereunder (in such capacity, the "LC Bank") and the other parties party thereto from time to time, as securitization purchasers (collectively with the LC Bank, the "Securitization Purchasers"), (ii) that certain Amended and Restated Purchase and Sale Agreement (the "PSA")

among the Company and certain subsidiaries of the Company as originators (collectively, the "Subsidiary Originators"), and (iii) that certain Amended and Restated Sale and Contribution Agreement (the "SCA" and collectively with the RPA and the PSA, the "Receivables Agreements") between the Company and Arch Receivable; and (y) enter into and otherwise perform or continue to perform under each of the other instruments and agreements related to the securitization facility contemplated by the Receivables Agreements (the "Securitization Facility") (such other instruments and agreements, together with the Receivables Agreements, the "Financing Documents"), including notably, but without limiting the generality of the foregoing: (i) that certain Second Amended and Restated Performance Guaranty by the Company in favor of the Administrator for the benefit of the Securitization Purchasers (the "Performance Guaranty"), (ii) that certain Originator Performance Guaranty by each Subsidiary Originator in favor of the Administrator for the benefit of the Securitization Purchasers (the "Originator Performance Guaranty"), (iii) that certain Blocked Account Agreement, dated as of February 3, 2006, among Arch Receivable, Arch Sales and the Administrator, (iv) that certain Eighth Amended and Restated Purchaser Group Fee Letter among PNC Bank, in its capacities as Administrator, LC Bank and Securitization Purchaser, the Company, Arch Sales and Arch Receivable (the "PNC Fee Letter"), (v) that certain Amended and Restated Purchaser Group Fee Letter, among Regions Bank as Securitization Purchaser, the Company, Arch Sales and Arch Receivable (the "Regions Fee Letter"); and (vi) that certain No Proceedings Letter Agreement, among the Company, the Administrator and Wilmington Trust, National Association as term loan administrative agent and collateral agent (the "Existing Agent") under the Company's Amended and Restated Credit Agreement, dated June 14, 2011 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time) among the Company, as borrower, the guarantors from time to time party thereto and the Existing Agent;

WHEREAS the Board has determined that (i) the Company will receive direct and indirect economic benefits from the Securitization Facility, (ii) it is in the best interest of the Company to enter into the Securitization Facility and one or more of the other Financing Documents and (iii) it is in the best interest of the Company to authorize the Authorized Officers to take any and all actions as they may deem appropriate to effectuate the transactions contemplated by the Securitization Facility and each of the other Financing Documents;

NOW THEREFORE, BE IT RESOLVED that the Company be, and it hereby is, authorized and empowered to (x) enter into, continue selling, contributing and/or servicing, as the case may be, the Receivables in accordance with the terms, of and otherwise perform under, each of the Receivables Agreements to which it is a party and (y) enter into and otherwise perform or continue to perform under each of the other Financing Documents to which it is a party;

RESOLVED that each of the Authorized Officers of the Company be, and each of them hereby is, authorized to negotiate, execute and deliver, in the name and on behalf of the Company, each of the Financing Documents to which the Company is a party and any other further documentation required or contemplated thereunder in the form and upon the terms and conditions as any Authorized Officer may approve (such approval to be conclusively established by such Authorized Officer's execution and delivery thereof), and to perform the Company's obligations thereunder, including the fees and expenses related thereto, and to take all actions in accordance therewith that any of them may deem necessary or advisable to consummate the

transactions contemplated thereby, and the actions of such Authorized Officers in negotiating the terms of, and in executing and delivering, each of the Financing Documents and any other further documentation required or contemplated thereunder, and any other action taken in connection therewith, on behalf of the Company be, and the same hereby are, ratified, confirmed, approved and adopted;

RESOLVED that any Authorized Officer of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to execute and deliver any further amendment, amendment and restatement or other modification to any of the Securitization Facility or any of the other Financing Documents, in each case, to which the Company is party (each, a "Further Amendment"), such approval to be conclusively evidenced by the execution and delivery thereof; provided, however, that any such Further Amendment shall remain subject to further Board approval to the extent required under the Company's existing delegations of authority and/or corporate governance practices and procedures; and

RESOLVED that any Authorized Officer of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to execute and deliver any officer's, secretary's or similar certificate on behalf of the Company in connection with the Securitization Facility or any of the other Financing Documents or any Further Amendment and the transactions contemplated therein, with such changes as such Authorized Officer executing the same may approve, such approval to be conclusively evidenced by the execution and delivery thereof.

Restructuring Support Agreement

WHEREAS the Company has determined to enter into a restructuring support agreement (the "Restructuring Support Agreement") between (i) the Company, (ii) certain direct and indirect wholly-owned subsidiaries of the Company and (iii) certain term lenders under that certain Amended and Restated Credit Agreement, dated as of June 14, 2011 (as amended, restated, supplemented or otherwise modified from time to time), among the Company, as borrower, the guarantors, the lenders party thereto and Wilmington Trust National Association, as successor term loan administrative agent and successor collateral agent under the First Lien Credit Agreement, to reorganize and recapitalize the Company and its subsidiaries in accordance with a chapter 11 plan of reorganization on the terms and conditions set forth in the Restructuring Support Agreement;

WHEREAS the Board has been advised of the material terms of the Restructuring Support Agreement, has given full consideration to the transactions contemplated by the Restructuring Support Agreement, and has determined that the transactions contemplated thereby are in the best interest of the Company and that it is in the best interest of the Company to (i) enter into the Restructuring Support Agreement and (ii) authorize the Authorized Officers to take any and all actions as they may deem appropriate to effectuate the transactions contemplated by the Restructuring Support Agreement.

NOW, THEREFORE, BE IT RESOLVED that the Company be, and hereby is, authorized and empowered to enter into the Restructuring Support Agreement and any associated documents to consummate, and perform under, the transactions contemplated therein on such

terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company and to perform the Company's obligations thereunder, including the payment of any fees and expenses related thereto, and to take all actions in accordance therewith that any of them may deem necessary or advisable to consummate the transactions contemplated thereby, and the actions of such Authorized Officer in negotiating the terms of, and in executing and delivering, the Restructuring Support Agreement, and any other action taken in connection therewith, on behalf of the Company be, and the same hereby are, ratified, confirmed, approved and adopted.

RESOLVED that any Authorized Officer of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to execute and deliver any amendment, amendment and restatement or other modification to the Restructuring Support Agreement or any of the other associated documents to which it is a party (each, an "RSA Amendment"), such approval to be conclusively evidenced by the execution and delivery thereof; provided, however, that any such RSA Amendment shall remain subject to further Board approval to the extent required under the Company's existing delegations of authority and/or corporate governance practices and procedures.

<u>General Authorization and Ratification</u>

RESOLVED that, in connection with the Company's chapter 11 case, the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable or advisable to effectuate any other borrowing or other financial arrangements, such determination to be evidenced by such execution or taking of such action;

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to take, or cause to be taken, any and all further actions (including, without limitation, (i) execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and (ii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions) and to take any and all steps deemed by any such Authorized Officer to be necessary, advisable or desirable to carry out the purpose and intent of each of the foregoing resolutions, and all actions heretofore taken by any such Authorized Officer or the Board in furtherance thereof are hereby ratified, confirmed and approved in all respects;

RESOLVED that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board;

RESOLVED that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and

RESOLVED that these resolutions may be executed, by facsimile or otherwise, by the undersigned, in counterparts, each of which shall be an original, but all of which together shall constitute but one and the same document.