# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br><br>**ARCH COAL, INC.,** *et al.,*<br><br><br>Debtors.[1] | **Chapter 11**<br>**Case No. 16-40120**<br><br>**(Joint Administration Proposed)**<br><br>**Hearing Date and Time:**<br>TBD<br><br>**Hearing Location:**<br>TBD |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (i) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (ii) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND (iii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

NOW COME Arch Coal, Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") and move this Court for entry of an order prohibiting the Debtors' utility service providers from altering, refusing or discontinuing service, deeming the utility companies to be adequately protected and establishing procedures for additional adequate assurances.  In support of this motion (the "**Motion**"), the Debtors show the Court as follows:

## Relief Requested

1.     By this Motion, the Debtors seek entry of an order (the "**Proposed Order**")[2] (i) determining that the Debtors' proposed offer of deposits, as set forth herein, provides Utilities

---

[1] The Debtors are listed on Schedule 1 attached hereto.  The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at *https://cases.primeclerk.com/archcoal*.

(as defined below) with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (ii) approving procedures for resolving requests by Utilities for additional or different assurances beyond those set forth in this Motion and (iii) prohibiting the Utilities from altering, refusing or discontinuing any Utility Services (as defined below) on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance.

### Jurisdiction

2.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### Background

3.    The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 11, 2016 (the "**Petition Date**").

4.    The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in these cases.

5.    Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of John T. Drexler, Senior Vice President and Chief Financial Officer of Arch Coal, Inc.*, filed substantially contemporaneously herewith, which is incorporated herein by reference.

The Utility Companies and Services Provided

6.    In connection with the operation of their businesses and management of their properties, the Debtors obtain utility services, including electricity, natural gas, telephone,

sewage, telecommunications, waste removal water and other similar services (collectively, "**Utility Services**") from dozens of utilities, as that term is used in section 366 of the Bankruptcy Code (the "**Utilities**").  Annexed hereto as <u>Exhibit A</u> is a list of Utilities that provide Utility Services to the Debtors as of the Petition Date.  The relief requested herein is for all Utilities providing Utility Services to the Debtors, and is not limited to those listed on <u>Exhibit A</u>.[3]  The Debtors have made an extensive and good faith effort to identify all of the Utilities that provide them Utility Services and to include them in <u>Exhibit A</u>.  Nonetheless, the Debtors reserve the right to supplement <u>Exhibit A</u> by filing a notice (a "**Supplemental Notice**," and, together with <u>Exhibit A</u>, as may be so supplemented, the "**Utilities List**") at a later date with the Court if necessary.

7.      During the past 12 months, the Debtors paid an average of approximately $5.78 million per month on account of Utility Services.  To the best of the Debtors' knowledge, there are few, if any, material defaults or arrearages with respect to the Debtors' undisputed Utility Services invoices, other than payment interruptions that may be caused by the commencement of these chapter 11 cases.

<u>The Proposed Adequate Assurance Deposit</u>

8.      The Debtors have more than $600 million in cash, cash equivalents and short-term investments.  Accordingly, the Debtors expect to have ample liquidity to timely pay all postpetition obligations owed to the Utilities.

---

[3] The inclusion of any entity on, as well as any omission of any entity from, <u>Exhibit A</u> is not an admission by the Debtors that such entity is, or is not, a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect thereto.

9.      However, to provide adequate assurance to the Utilities as required under section 366(c) of the Bankruptcy Code, the Debtors propose to provide a deposit[4] equal to two weeks of Utility Service (less any deposit already held by such Utility), calculated as a historical average over the past 12 months (the "**Adequate Assurance Deposit**"), to any Utility that requests such a deposit in writing as set forth below; *provided* that such Utility is not currently paid in advance for its Utility Services.[5]  The aggregate amount of the proposed Adequate Assurance Deposits is approximately $1.07 million.

10.      As a condition of accepting an Adequate Assurance Deposit, the Debtors propose that such Utility shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility within the meaning of section 366 of the Bankruptcy Code, and shall be prohibited from challenging or opting out of the Adequate Assurance Procedures (as defined below), filing an Additional Assurance Request (as defined below) or requesting any additional adequate assurance of payment of any kind at any time, notwithstanding any attempt by such Utility to reserve a right to seek any such relief.

11.      Given their current cash reserves, the Debtors submit that each Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitutes sufficient adequate assurance to each of the Utilities.  If any Utility believes additional assurance is required, they may request such assurance pursuant to the following procedures.

---

[4] Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to mean, among other things, a cash deposit.

[5] The Debtors also request herein confirmation that they are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utilities to the Debtors after the Petition Date.

Pg 5 of 15

<u>The Proposed Adequate Assurance Procedures</u>

12.     In light of the severe consequences to the Debtors of any interruption in services by the Utilities, but recognizing the right of each of the Utilities to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose that the Court approve the following procedures (the "**Adequate Assurance Procedures**") for Utilities to request an Adequate Assurance Deposit or make an Additional Assurance Request:

(a)     The Debtors will fax, email, serve by overnight mail or otherwise expeditiously send a copy of the Proposed Order, which contains the proposed Adequate Assurance Procedures, to each of the Utilities listed in Exhibit A within three business days after entry of the Proposed Order by the Court.

(b)     Any Utility requesting payment of an Adequate Assurance Deposit must send to (i) the Debtors, c/o Arch Coal, Inc., One CityPlace Drive, Suite 300, St. Louis, Missouri 63141, Attn: Robert G. Jones, Senior Vice President – General Counsel, Secretary & Chief Compliance Officer and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Michelle M. McGreal, email: arch.service@davispolk.com (together, the "**Request Parties**"), a written request (a "**Deposit Request**") that names the Utility and includes payment instructions for the Adequate Assurance Deposit, so that it is received on or before 4:00 p.m. (prevailing Eastern time) on the date that is 21 days after entry of an order granting the relief sought by this Motion (the "**Adequate Assurance Deposit Request Deadline**").

(c)     Upon the receipt of a Deposit Request, the Debtors shall provide the requesting Utility with the corresponding Adequate Assurance Deposit; *provided* that

such Utility is not currently paid in advance for its Utility Services.  Any Utility that is currently paid in advance for its Utility Services shall continue to be so paid in the ordinary course of business and shall not be entitled to any Adequate Assurance Deposit.

(d)      Any Utility desiring additional adequate assurance in the form of a deposit, prepayment, mechanic's lien or form otherwise different from the Proposed Adequate Assurance must, on or prior to the Adequate Assurance Deposit Request Deadline, serve on the Request Parties a request (an "**Additional Assurance Request**"), which must be in writing and set forth (i) the amount and form of additional adequate assurance payment requested, (ii) the locations for which the Utility Services are provided and the relevant account numbers, (iii) the Debtors' payment history for the most recent 12 months, (iv) a list of any deposits, prepayments or other security currently held by the Utility on account of the Debtors, (v) a description of any prior material payment delinquency or irregularity and (vi) an explanation of why the Utility believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(e)      If any Additional Assurance Requests are timely submitted, the Debtors shall have 21 days from the Adequate Assurance Deposit Request Deadline (the "**Resolution Period**") to negotiate with any such Utility to resolve such Utility's request for additional assurance of payment.  The Resolution Period may be extended by agreement of the Debtors and the applicable Utility without application to or approval of the Court.

(f)      The Debtors may, in their sole discretion, resolve and settle any Additional Assurance Request by mutual agreement with the Utility and without further order of the Court, and may in connection with any such resolution, in their discretion,

-6-

provide the requesting Utility with additional assurance of future payment in a form satisfactory to the Utility, including, but not limited to, cash deposits, prepayments, other forms of security or any combination of the above, if the Debtors believe that such additional assurance is reasonable.  The Debtors shall not be required to provide a Utility that submits an Additional Assurance Request with an Adequate Assurance Deposit until such Additional Assurance Request is resolved.

(g)     For any Utility that timely submits an Additional Adequate Assurance Request for which the Debtors are not able to reach a consensual resolution during the Resolution Period, the Debtors will file a motion, during or immediately after the Resolution Period (which may address the Additional Assurance Requests of multiple Utilities) and request a hearing at the next regularly scheduled omnibus hearing that is scheduled on a date that is at least five business days after the conclusion of the Resolution Period to determine the adequacy of assurance of payment with respect to such Utility (the "**Determination Hearing**"), pursuant to section 366(c)(3) of the Bankruptcy Code.

(h)     Pending resolution of a Utility's Additional Assurance Request by the Court, such Utility shall be prohibited from discontinuing, altering or refusing service to the Debtors.

(i)     Any Utility that does not timely submit a Deposit Request or an Additional Assurance Request in accordance with the Adequate Assurance Procedures shall be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code, shall have waived any and all rights to seek additional or different adequate assurance during the course of these chapter 11 cases and

-7-

shall be prohibited from discontinuing, altering or refusing to provide Utility Services, including on account of unpaid charges for prepetition Utility Services, during the pendency of these proceedings.

13.    A Utility shall be deemed to have adequate assurance of payment unless and until (a) the Debtors agree to a Deposit Request or an Additional Assurance Request or agree to alternative adequate assurance of payment with the Utility or (b) this Court enters an order requiring that additional adequate assurance of payment be provided.

14.    The Debtors further request that upon the effective date of a plan in these chapter 11 cases, each Utility shall return to the Debtors any Adequate Assurance Deposit or any amounts deposited or held in escrow pursuant to a Deposit Request or an Additional Assurance Request, if not returned or applied sooner.

15.    Any period of time prescribed or allowed by the Order will be computed in accordance with Bankruptcy Rule 9006.

<u>The Proposed Procedures for Any Utilities Subsequently Added to the Utility List</u>

16.    Although the Debtors have made a good faith effort to identify all of the Utilities that currently provide Utility Services to the Debtors, it is possible that some Utilities may not be listed on <u>Exhibit A</u>.  For any additional Utilities that the Debtors identify, the Debtors will file a Supplemental Notice, and will (a) serve the Supplemental Notice by email or fax (or, where the Debtors do not have the email address or fax number for a Utility, by first-class mail) on all Utilities listed in such Supplemental Notice and (b) post the Supplemental Notice on the Debtors' case information website *https://cases.primeclerk.com/archcoal/*.  The Debtors request that the Proposed Order be binding on all Utilities, regardless of whether or when such Utility was added by Supplemental Notice; *provided*, *however*, that the Adequate Assurance Deposit

-8-

Request Deadline shall be extended for any Utility first listed in such Supplemental Notice to the date that is 21 days from the date that such Supplemental Notice is filed, and the Resolution Period with respect to any such Additional Assurance Request will be 21 days after receipt of such Additional Assurance Request, provided that such Resolution Period may be extended by agreement of the Debtors and the applicable Utility without application to or approval of the Court..

## Basis for Relief

17.     Uninterrupted Utility Services are essential to the Debtors' ongoing operations. The Debtors operate thermal and metallurgical coal mines, preparation plants and loadout facilities that are supported by a corporate office and several regional offices, all of which depend on reliable delivery of power and other Utility Services, and because of the nature of the Debtors' operations, it is essential that the Utility Services continue uninterrupted. Should any Utility refuse or discontinue service, even for a brief period, the Debtors' operations could be severely disrupted. The impact of this disruption on the Debtors' business operations and revenue would be extremely harmful and could jeopardize the value of the Debtors' assets.

18.     The relief requested herein will ensure that the Debtors' operations will not be disrupted. Furthermore, the relief requested provides the Utilities with a fair and orderly procedure for addressing requests for additional or different adequate assurance. Without the Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by the Utilities in a disorganized manner at a critical period in these chapter 11 cases and during a time when the Debtors' efforts could be more productively focused on the continuation of the Debtors' operations for the benefit of all parties in interest.

19.     Section 366 of the Bankruptcy Code protects a debtor against the immediate termination of utility services after commencing its case. Under that section, a utility company

may not, during the first 30 days of a chapter 11 case, alter, refuse or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a prepetition debt.  11 U.S.C. § 366.[6]  A utility company may, however, alter, refuse or discontinue service following such 30-day period, if the debtor does not provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company, subject to the Court's review and approval.  Pursuant to section 366(c)(3)(B), in determining whether an assurance of payment is adequate, the court may not consider (a) the absence of security before the petition date, (b) the debtor's history of timely payments or (c) the availability of an administrative expense priority.

20.    While the Bankruptcy Code provides guidance as to the required nature of adequate assurance, the Court retains the discretion to determine the amount of adequate assurance necessary or to change the fundamental requirement that assurance of payment must simply be adequate.  *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* § 366 (c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2) [which is governed by an adequacy

---

[6] Section 366 of the Bankruptcy Code applies to entities that are traditionally viewed as utilities, such as those that provide electricity, telephone service or water, and to any entity that supplies services that cannot be readily obtained or replaced elsewhere, or which constitutes a monopoly with respect to the services that it provides to the debtor.  *See, e.g.*, *One Stop Realtour Place, Inc. v. Allegiance Telecom of Pa., Inc. (In re One Stop Realtour Place, Inc.)*, 268 B.R. 430, 436-37 (Bankr. E.D. Pa. 2001) (provider of telephone service is a utility regardless of whether telephone service may be available from another provider); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986) (landlord of the Brooklyn Navy Yard "occupies a special position with respect to the debtor in its role as the [debtor's] utility supplier" (internal quotation marks omitted)).  Despite the wide latitude afforded in determining those entities that constitute utilities under section 366, some of the companies listed in Exhibit A may also provide goods or services to the Debtors in a capacity other than that of a utility.  With respect to any such goods or services, such companies are not entitled to adequate assurance under section 366.  Moreover, the Debtors are not foreclosed from taking the position that any of the entities listed on Exhibit A are not utilities within the meaning of section 366.

-10-

standard].”); *see also In re Circuit City, Inc.*, Case No. 08-85653 (KRH), 2009 Bankr. LEXIS

237, at *15-*16 (Bankr. E.D. Va. Jan. 14, 2009) (finding that determinations of adequate

assurance remain within the Court's discretion).

  21. Courts construing section 366(b) have long recognized that in determining

adequate assurance, the Court is not required to give the Utilities the equivalent of a guaranty of

payment, but must only determine that the utility is not subject to an unreasonable risk of

nonpayment for postpetition services. *See Id.* at * 13 (“A debtor need not provide utility

companies an absolute guarantee of payment.”); *accord Long Island Lighting Co. v. The Great

Atl. & Pac. Tea Co. (In re The Great Atl. & Pac. Tea Co.)*, Case No. 11-CV-1338 (CS), 2011

U.S. Dist. LEXIS 131621, at *18 (Bankr. S.D.N.Y. Nov. 14, 2011); *S. Cal. Edison Co. v. Crystal

Cathedral Ministries (In re Crystal Cathedral Ministries)*, 454 B.R. 124, 131 (Bankr. C.D. Cal.

2011); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) (“Adequate

assurance, however, is not a guarantee of payment; rather, it is intended to guard against the

utility assuming an unreasonable risk of non-payment.”); *Steinebach v. Tucson Electric Power

Corp. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004); *In re Adelphia Bus.

Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); *In re Santa Clara Circuits West, Inc.*,

27 B.R. 680, 685 (Bankr. D. Utah 1982); *In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D.

Me. 1980).  Historically, whether a utility is subject to an unreasonable risk of nonpayment must

be determined from the facts and circumstances of each case.  *See In re Adelphia Bus. Solutions,

Inc.*, 280 B.R. at 80; *accord Long Island Lighting Co.*, Case No. 2011 U.S. Dist. LEXIS 131621,

at *18; *Mass. Elec. Co. v. Keydata Corp. (In re Keydata Corp.)*, 12 B.R. 156, 158 (Bankr. D.

Mass. 1981).  While section 366(c) limits the factors a court may consider, determinations of

adequate assurance remain within the Court's discretion.  *Cf. Long Island Lighting Co.*, Case No.

2011 U.S. Dist. LEXIS 131621, at *20; *Steinebach*, 303 B.R. at 642; *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. at 80; *Marion Steel Co. v. Edison Co. (In re Marion Steel Co.)*, 35 B.R. 188, 195 (Bankr. D. Ohio 1983).  The Debtors believe that the Proposed Adequate Assurance is sufficient and reasonable and constitutes adequate assurance of payment under section 366(c) of the Bankruptcy Code.

22.     The relief requested in this Motion, including the Adequate Assurance Procedures proposed herein, are similar to the relief granted in this and other districts in recent chapter 11 cases filed after the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 102, 119 Stat. 23, 25 (codified at 15 U.S.C.A. § 301 (2005 & Supp. 2006)) became effective.  *See, e.g.*, *In re Bakers Footwear Grp. Inc.*, Case No. 12-49658 (CER) (Bankr. E.D. Mo. Oct. 18, 2012); *In re Walter Energy, Inc.*, Case No. 15-02741 (TOM) (Bankr. N.D. Ala. Aug. 19, 2015); *In re Alpha Natural Res., Inc.*, Case No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015); *In re Molycorp, Inc.*, Case No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015); *In re Patriot Coal Corp.*, Case No. 15-32450 (KLP) (Bankr. E.D. Va. June 5, 2015); *In re Magnetation LLC*, Case No. 15-50307 (GFK) (Bankr. D. Minn. May 7, 2015); *In re Allied Nev. Gold Corp.*, Case No. 15-10503 (MFW) (Bankr. D. Del. April 15, 2015); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. April 14, 2015); *In re Dune Energy, Inc.*, Case No. 15-10336 (HCM) (Bankr. W.D. Tex. March 10, 2015); *In re James River Coal Co.*, Case No. 14-31848 (KRH) (Bankr. E.D. Va. April 11, 2014); *In re Patriot Coal Corp.*, Case No. 12-12900 (SCC) (Bankr. S.D.N.Y. July 26, 2012).

23.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm and is in the best interests of the Debtors'

estates and creditors and is in keeping with the spirit and intent of section 366 of the Bankruptcy Code and is not prejudicial to the rights of any Utility.

## Notice

24.     Notice of this Motion has been provided to counsel to the administrative agent and counsel to the lenders under the Debtors' proposed debtor in possession secured credit facility, counsel to the administrative agent and counsel to that certain ad hoc group of majority prepetition senior secured lenders under the Debtors' prepetition secured credit facility, the Debtors' 30 largest unsecured creditors, the Office of the United States Trustee for the Eastern District of Missouri, the Internal Revenue Service, the Securities and Exchange Commission, the United States Department of the Interior, the United States Department of Labor, the United States Attorney's Office for the Eastern District of Missouri and the Utilities listed on Exhibit A (collectively, the "**Notice Parties**").  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an order:

(a)     determining that the Debtors' proposed offer of deposits, as set forth in this Order, provides Utilities with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code;

(b)     approving procedures for resolving requests by Utilities for additional or different assurances beyond those set forth in this Motion;

(c)     prohibiting the Utilities from altering, refusing or discontinuing any Utility Services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance; and

(d)     granting the Debtors such other and further relief as is just and proper.

Dated:    January 11, 2016
          St. Louis, Missouri

                                        Respectfully submitted,

                                        BRYAN CAVE LLP


                                        /s/ Brian C. Walsh
                                        Lloyd A. Palans, #22650MO
                                        Brian C. Walsh, #58091MO
                                        Cullen K. Kuhn, #53151MO
                                        Laura Uberti Hughes, #60732MO

                                        One Metropolitan Square
                                        211 N. Broadway, Suite 3600
                                        St. Louis, Missouri 63102
                                        (314) 259-2000
                                        Fax:  (314) 259-2020
                                        lapalans@bryancave.com
                                        brian.walsh@bryancave.com
                                        ckkuhn@bryancave.com
                                        laura.hughes@bryancave.com

                                        *Proposed Local Counsel to the Debtors and
                                        Debtors in Possession*

                                        -and-

                                        DAVIS POLK & WARDWELL LLP

                                        Marshall S. Huebner
                                        Brian M. Resnick
                                        Michelle M. McGreal
                                        Kevin J. Coco

                                        450 Lexington Avenue
                                        New York, New York  10017
                                        (212) 450-4000
                                        Fax:    (212) 607-7983
                                        marshall.huebner@davispolk.com
                                        brian.resnick@davispolk.com
                                        michelle.mcgreal@davispolk.com
                                        kevin.coco@davispolk.com

                                        *Proposed Counsel to the Debtors and Debtors in
                                        Possession*

                                        -14-

## SCHEDULE 1
### Debtor Entities

| | | | |
|---|---|---|---|
| 1. | ACI Terminal, LLC | 37. | ICG Eastern, LLC |
| 2. | Allegheny Land Company | 38. | ICG Eastern Land, LLC |
| 3. | Apogee Holdco, Inc. | 39. | ICG Illinois, LLC |
| 4. | Arch Coal, Inc. | 40. | ICG Knott County, LLC |
| 5. | Arch Coal Sales Company, Inc. | 41. | ICG Natural Resources, LLC |
| 6. | Arch Coal West, LLC | 42. | ICG Tygart Valley, LLC |
| 7. | Arch Development, LLC | 43. | International Coal Group, Inc. |
| 8. | Arch Energy Resources, LLC | 44. | Jacobs Ranch Coal LLC |
| 9. | Arch Reclamation Services, Inc. | 45. | Jacobs Ranch Holdings I LLC |
| 10. | Arch Western Acquisition Corporation | 46. | Jacobs Ranch Holdings II LLC |
| 11. | Arch Western Acquisition, LLC | 47. | Juliana Mining Company, Inc. |
| 12. | Arch Western Bituminous Group, LLC | 48. | King Knob Coal Co., Inc. |
| 13. | Arch Western Finance LLC | 49. | Lone Mountain Processing, Inc. |
| 14. | Arch Western Resources, LLC | 50. | Marine Coal Sales Company |
| 15. | Arch of Wyoming, LLC | 51. | Melrose Coal Company, Inc. |
| 16. | Ark Land Company | 52. | Mingo Logan Coal Company |
| 17. | Ark Land KH, Inc. | 53. | Mountain Coal Company, L.L.C. |
| 18. | Ark Land LT, Inc. | 54. | Mountain Gem Land, Inc. |
| 19. | Ark Land WR, Inc. | 55. | Mountain Mining, Inc. |
| 20. | Ashland Terminal, Inc. | 56. | Mountaineer Land Company |
| 21. | Bronco Mining Company, Inc. | 57. | Otter Creek Coal, LLC |
| 22. | Catenary Coal Holdings, Inc. | 58. | Patriot Mining Company, Inc. |
| 23. | Catenary HoldCo, Inc. | 59. | P.C. Holding, Inc. |
| 24. | Coal-Mac, Inc. | 60. | Powell Mountain Energy, LLC |
| 25. | CoalQuest Development LLC | 61. | Prairie Coal Company, LLC |
| 26. | Cumberland River Coal Company | 62. | Prairie Holdings, Inc. |
| 27. | Energy Development Co. | 63. | Saddleback Hills Coal Company |
| 28. | Hawthorne Coal Company, Inc. | 64. | Shelby Run Mining Company, LLC |
| 29. | Hobet Holdco, Inc. | 65. | Simba Group, Inc. |
| 30. | Hunter Ridge, Inc. | 66. | Thunder Basin Coal Company, L.L.C. |
| 31. | Hunter Ridge Coal Company | 67. | Triton Coal Company, L.L.C. |
| 32. | Hunter Ridge Holdings, Inc. | 68. | Upshur Property, Inc. |
| 33. | ICG, Inc. | 69. | Vindex Energy Corporation |
| 34. | ICG, LLC | 70. | Western Energy Resources, Inc. |
| 35. | ICG Beckley, LLC | 71. | White Wolf Energy, Inc. |
| 36. | ICG East Kentucky, LLC | 72. | Wolf Run Mining Company |