**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**ARCH COAL, INC.,** *et al.,*<br><br>Debtors.[1] | Chapter 11<br>Case No. 16-40120-705<br><br>**(Jointly Administered)**<br><br>**Objection Deadline:**<br>February 16, 2016<br><br>**Hearing Date and Time (if necessary):**<br>February 23, 2016 10:00 a.m.<br>(Prevailing Central Time)<br><br>**Hearing Location (if necessary):**<br>Courtroom 7 South |

**NOTICE OF THE DEBTORS' APPLICATION FOR AUTHORITY TO
EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS
FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

   PLEASE TAKE NOTICE that this application is scheduled for hearing on February 23, 2016, at 10:00 a.m. (prevailing Central Time), in Bankruptcy Courtroom 7 South, in the Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102.

   WARNING: ANY RESPONSE OR OBJECTION TO THIS APPLICATION MUST BE FILED WITH THIS COURT BY FEBRUARY 16, 2016. A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE.

---

[1] The Debtors are listed on Schedule 1 attached hereto. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY
AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS
FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

NOW COME Arch Coal, Inc. ("**Arch**") and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") and move this Court for entry of an order for the authority to retain and employ Davis Polk & Wardwell LLP ("**Davis Polk**") as their counsel *nunc pro tunc* to the petition date to perform the legal services that will be required during these chapter 11 cases. In support of this Application (the "**Application**"), the Debtors show the Court as follows:

**Relief Requested**

1. By this Application, and pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014(A) and 2016-1(A) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Missouri (the "**Local Rules**"), the Debtors seek entry of an order (the "**Proposed Order**")[2] in substantially the form attached hereto authorizing the Debtors to retain and employ Davis Polk as their counsel *nunc pro tunc* to the petition date to perform the legal services that will be required during these chapter 11 cases. The Debtors request that the Court approve the employment of Davis Polk under the terms and conditions set forth in this Application, as more fully described in the *Declaration of Brian M. Resnick in Support of the Debtors' Application for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date*, attached hereto as Exhibit A (the "**Resnick Declaration**") and the *Declaration of Robert G. Jones in Support of the Debtors' Application for Authority to Employ and Retain Davis Polk & Wardwell LLP as*

---

[2] A copy of the Proposed Order will be made available on the Debtors' Case Information Website at https://cases.primeclerk.com/archcoal.

-2-

*Attorneys for the Debtors Nunc Pro Tunc to the Petition Date*, attached hereto as <u>Exhibit B</u> (the "**Jones Declaration**").[3]

## Jurisdiction

2.  This Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

3.  The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 11, 2016 (the "**Petition Date**").

4.  The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

5.  The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* entered by this Court on January 13, 2016 in each of the Debtors' cases.

6.  The Court entered the *Order Establishing Certain Notice, Case Management and Administrative Procedures* on January 21, 2016 [ECF No. 155] (the "**Case Management Order**").

---

[3] The Debtors are also seeking court authority to employ and retain Bryan Cave LLP ("**Bryan Cave**") as their local counsel in connection with these chapter 11 cases. The Debtors believe they must be represented in these matters by Missouri counsel who has not only restructuring experience but also expertise in various other specialties. It is intended that the services of Bryan Cave shall complement, and not duplicate, the services to be rendered by Davis Polk. The Debtors, Davis Polk and Bryan Cave are extremely mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is no such duplication.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of John T. Drexler, Senior Vice President and Chief Financial Officer of Arch Coal, Inc.*, filed on the Petition Date [ECF No. 3], which is incorporated herein by reference.

**Discussion**

8. The Debtors have been informed that the Davis Polk attorneys who will be engaged in these chapter 11 cases are admitted to practice before this Court or shall, as necessary, seek to be admitted *pro hac vice*.

9. The Debtors have selected Davis Polk as their counsel because of the firm's extensive experience and knowledge in both corporate transactional work and litigation, and, in particular, because of Davis Polk's recognized expertise in bankruptcy and restructuring, credit, corporate finance, capital markets, mergers and acquisitions and many other areas. Davis Polk has been actively involved in a wide variety of major chapter 11 cases, including (in the last four years): *In re Alpha Natural Res., Inc.*, Case No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 3, 2015); *In re Magnetation LLC*, Case No. 15-50307 (GFK) (Bankr. D. Minn. May 5, 2015); *In re RadioShack Corp.*, Case No. 15-10197 (BLS) (Bankr. D. Del. Feb. 5, 2015); *In re James River Coal Co.*, 14-31848 (KRH) (Bankr. E.D. Va. Apr. 7, 2014); *In re Cengage Learning, Inc.*, Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. July 2, 2013); *In re Exide Techs.*, Case No. 13-11482 (KJC) (Bankr. D. Del. June 10, 2013); *In re Patriot Coal Corp.*, Case No. 12-51502 (KAS) (Bankr. E.D. Mo. July 23, 2012).

10. Davis Polk is intimately familiar with the Debtors' businesses and financial affairs and is well-qualified to provide the services required by the Debtors in their chapter 11 cases. Davis Polk has provided extensive advice to the Debtors for the last several months on their

restructuring alternatives and debt obligations and has performed services necessary to enable the Debtors to file for protection under chapter 11. Davis Polk, along with the Debtors, was primarily responsible for the preparation of the chapter 11 petitions, initial motions and applications relating to these chapter 11 cases and their commencement. Accordingly, Davis Polk has significant relevant experience with the Debtors to deal effectively and efficiently with the primary legal issues and problems likely to arise in the context of the Debtors' chapter 11 cases.

11. The Debtors believe that Davis Polk is both well-qualified and uniquely able to represent them in their chapter 11 cases in an efficient and effective manner. If the Debtors are required to retain lead counsel other than Davis Polk in connection with the prosecution of their chapter 11 cases, the Debtors, their estates and all parties in interest will be unduly and materially prejudiced, including by the time and substantial expense necessary to enable other counsel to become familiar with the Debtors' businesses, operations and restructuring needs. The Debtors therefore request that the Court authorize Davis Polk to represent the Debtors.

## Scope of Services

12. The services of Davis Polk are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the reorganization of the Debtors and/or a strategic restructuring transaction. Subject to further order of this Court, it is proposed that Davis Polk be employed to render such legal services as may be requested by the Debtors and able to be performed by Davis Polk, including, without limitation, to:

(a) prepare on behalf of the Debtors all necessary or appropriate motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

(b) counsel the Debtors with regard to their rights and obligations as debtors in possession and their powers and duties in the continued management and operation of their businesses and properties;

(c) provide advice, representation and preparation of necessary documentation and pleadings and to take all necessary or appropriate actions in connection with debt restructuring, statutory bankruptcy issues, postpetition financing, strategic transaction, securities laws, real estate, employee benefits, environmental, business and commercial litigation, and corporate and tax matters;

(d) take all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

(e) take all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

(f) act as general bankruptcy counsel for the Debtors and to perform all other necessary or appropriate legal services in connection with these chapter 11 cases.

**Compensation**

13.     For the services rendered by Davis Polk, the Debtors propose to pay Davis Polk at rates that reflect a negotiated discount from the rates that Davis Polk customarily charges other clients for work of this type and to reimburse Davis Polk according to its customary reimbursement policies, and the Debtors respectfully submit that such rates and policies are reasonable.  The applicable rates for timekeepers on this matter are set forth in the Resnick Declaration.  Davis Polk adjusts its rates periodically, generally on or around January 1 of each year.

14.     As set forth in the Resnick Declaration, as of the filing of these cases, Davis Polk held a retainer in the approximate amount of $750,000.00 (the "**Advance Payment Retainer**") and was not a creditor of the Debtors.  The Debtors and Davis Polk have agreed that Davis Polk may, but is not directed to, apply the Advance Payment Retainer if and to the extent necessary to pay any allowed fees, costs and expenses relating to services rendered by Davis Polk to the Debtors after the Petition Date in accordance with this Application.

15.     The Debtors understand that, in connection with the reimbursement of reasonable and necessary expenses, it is Davis Polk's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including travel, lodging, photocopying, postage, vendor charges, delivery service and other expenses incurred in providing professional services.

16.     Davis Polk shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court.

Davis Polk also intends to make reasonable efforts to comply with the Office of the United States Trustee for Region 13's (the "**U.S. Trustee**") requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013* (the "**Revised UST Guidelines**"), in connection with the interim and final fee applications to be filed by Davis Polk in these chapter 11 cases.

17. In accordance with Local Rule 2016-2(B), the Debtors propose that (a) Davis Polk be allowed to submit regular monthly invoices to the parties included in the Rule 9013-3(D) Master Service List and (b) pursuant to Local Rule 2016-2(B), the Debtors be authorized to pay 80% of fees and 100% of expenses on a monthly basis, subject to later court approval.[4]

### Davis Polk's Disinterestedness

18. The Debtors have reviewed the Resnick Declaration and, to the best of the Debtors' knowledge, Davis Polk and its professionals (i) are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtors and their estates and (ii) except as disclosed in the Resnick Declaration, have no relevant and disabling connection to the Debtors, their significant creditors or certain other potential parties in interest whose names were supplied to Davis Polk by the Debtors.

19. The Debtors have been informed that Davis Polk will conduct an ongoing review, commencing on or around each April 1 and October 1 that occurs during the Debtors' cases, to

---

[4] The Debtors intend to request by motion an Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, by which Davis Polk and certain other professionals would be compensated on an interim basis.

-8-

ensure that no disqualifying circumstances have arisen and, that if any new facts or relationships that Davis Polk believes should be disclosed to this Court and the parties in interest in these cases are discovered, Davis Polk will file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.  If any new material, relevant facts or relationships are discovered between the aforementioned review periods, Davis Polk will promptly file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

## Notice

20. Consistent with the Case Management Order, the Debtors will serve notice of this Application on (a) the Core Parties and (b) any Non-ECF Parties (collectively, the "**Notice Parties**").  All parties who have requested electronic notice of filings in these cases through the Court's ECF system will automatically receive notice of this Application through the ECF system no later than the day after its filing with the Court.  A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website (located at *https://cases.primeclerk.com/archcoal*). A copy of the Proposed Order will be made available on the Debtors' Case Information Website. The Proposed Order may be modified or withdrawn at any time without further notice. If any significant modifications are made to the Proposed Order, an amended Proposed Order will be made available on the Debtors' Case Information Website, and no further notice will be provided. In light of the relief requested, the Debtors submit that no further notice is necessary.

## No Prior Request

21. The Debtors have not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Debtors respectfully request that this Court:

(a) authorize the Debtors to retain and employ Davis Polk as their lead restructuring counsel *nunc pro tunc* to the Petition Date to perform the legal services that will be required during these chapter 11 cases;

(b) grant the Debtors such other and further relief as is just and proper.

[*Signature Page Follows*]

-10-

Dated: February 9, 2016

_____
Robert G. Jones
Senior Vice President and General Counsel
Arch Coal, Inc.

# SCHEDULE 1
## Debtor Entities

| # | Entity | # | Entity |
|---|---|---|---|
| 1. | ACI Terminal, LLC | 37. | ICG Eastern, LLC |
| 2. | Allegheny Land Company | 38. | ICG Eastern Land, LLC |
| 3. | Apogee Holdco, Inc. | 39. | ICG Illinois, LLC |
| 4. | Arch Coal, Inc. | 40. | ICG Knott County, LLC |
| 5. | Arch Coal Sales Company, Inc. | 41. | ICG Natural Resources, LLC |
| 6. | Arch Coal West, LLC | 42. | ICG Tygart Valley, LLC |
| 7. | Arch Development, LLC | 43. | International Coal Group, Inc. |
| 8. | Arch Energy Resources, LLC | 44. | Jacobs Ranch Coal LLC |
| 9. | Arch Reclamation Services, Inc. | 45. | Jacobs Ranch Holdings I LLC |
| 10. | Arch Western Acquisition Corporation | 46. | Jacobs Ranch Holdings II LLC |
| 11. | Arch Western Acquisition, LLC | 47. | Juliana Mining Company, Inc. |
| 12. | Arch Western Bituminous Group, LLC | 48. | King Knob Coal Co., Inc. |
| 13. | Arch Western Finance LLC | 49. | Lone Mountain Processing, Inc. |
| 14. | Arch Western Resources, LLC | 50. | Marine Coal Sales Company |
| 15. | Arch of Wyoming, LLC | 51. | Melrose Coal Company, Inc. |
| 16. | Ark Land Company | 52. | Mingo Logan Coal Company |
| 17. | Ark Land KH, Inc. | 53. | Mountain Coal Company, L.L.C. |
| 18. | Ark Land LT, Inc. | 54. | Mountain Gem Land, Inc. |
| 19. | Ark Land WR, Inc. | 55. | Mountain Mining, Inc. |
| 20. | Ashland Terminal, Inc. | 56. | Mountaineer Land Company |
| 21. | Bronco Mining Company, Inc. | 57. | Otter Creek Coal, LLC |
| 22. | Catenary Coal Holdings, Inc. | 58. | Patriot Mining Company, Inc. |
| 23. | Catenary HoldCo, Inc. | 59. | P.C. Holding, Inc. |
| 24. | Coal-Mac, Inc. | 60. | Powell Mountain Energy, LLC |
| 25. | CoalQuest Development LLC | 61. | Prairie Coal Company, LLC |
| 26. | Cumberland River Coal Company | 62. | Prairie Holdings, Inc. |
| 27. | Energy Development Co. | 63. | Saddleback Hills Coal Company |
| 28. | Hawthorne Coal Company, Inc. | 64. | Shelby Run Mining Company, LLC |
| 29. | Hobet Holdco, Inc. | 65. | Simba Group, Inc. |
| 30. | Hunter Ridge, Inc. | 66. | Thunder Basin Coal Company, L.L.C. |
| 31. | Hunter Ridge Coal Company | 67. | Triton Coal Company, L.L.C. |
| 32. | Hunter Ridge Holdings, Inc. | 68. | Upshur Property, Inc. |
| 33. | ICG, Inc. | 69. | Vindex Energy Corporation |
| 34. | ICG, LLC | 70. | Western Energy Resources, Inc. |
| 35. | ICG Beckley, LLC | 71. | White Wolf Energy, Inc. |
| 36. | ICG East Kentucky, LLC | 72. | Wolf Run Mining Company |