**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**ARCH COAL, INC.,** *et al.,*<br><br>Debtors.[1] | Chapter 11<br>Case No. 16-40120-705<br><br>**(Jointly Administered)**<br><br>**Objection Deadline:**<br>February 16, 2016<br><br>**Hearing Date and Time:**<br>February 23, 2016, 10:00 a.m.<br>(Prevailing Central Time)<br><br>**Hearing Location:**<br>Courtroom 7 South |

**NOTICE OF THE DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY AND
RETAIN ERNST & YOUNG LLP AS INDEPENDENT AUDITOR AND
TAX ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

PLEASE TAKE NOTICE that this application is scheduled for hearing on February 23, 2016, at 10:00 a.m. (prevailing Central Time), in Bankruptcy Courtroom 7 South, in the Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102.

**WARNING: ANY RESPONSE OR OBJECTION TO THIS APPLICATION MUST BE FILED WITH THIS COURT BY FEBRUARY 16, 2016. A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE.**

---

[1] The Debtors are listed on Schedule 1 attached hereto. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY AND
RETAIN ERNST & YOUNG LLP AS INDEPENDENT AUDITOR AND
TAX ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

NOW COME Arch Coal, Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") and move this Court for entry of an order for authority to retain and employ Ernst & Young LLP ("**E&Y**") as their independent auditor and tax advisor *nunc pro tunc* to the Petition Date (as defined below) to provide the audit and tax advisory services that will be required in these chapter 11 cases. In support of this Application (the "**Application**"), the Debtors show the Court as follows:

**Relief Requested**

1. By this Application, and pursuant to section 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Bankruptcy Rules 2014(A) and 2016-1(A) of the Local Rules of the Bankruptcy Court for the Eastern District of Missouri (the "**Local Rules**"), the Debtors seek entry of an order (the "**Proposed Order**")[2] authorizing (i) the Debtors to retain and employ E&Y as their independent auditor and tax advisor in these chapter 11 cases on the terms and conditions set forth in (a) that certain engagement letter between Arch Coal, Inc. and E&Y dated as of January 11, 2016 (the "**Audit Engagement Letter**")[3] and (b) that certain master services agreement between Arch Coal, Inc. and E&Y dated as of January 11, 2016 (the "**MSA**") and incorporated statement of work for bankruptcy tax advisory services dated as of January 11, 2016 (the "**Tax Advisory SOW**" and, together with the MSA, the "**Tax Engagement Letter**" and, collectively with the Audit Engagement Letter, the "**Engagement**

---

[2] A copy of the Proposed Order will be made available on the Debtors' Case Information Website at *https://cases.primeclerk.com/archcoal*.

[3] If any inconsistency exists between the terms of the Engagement Letters or a portion thereof, as described herein, and the actual terms of the Engagement Letters, the latter shall control.

Case 16-40120    Doc 282    Filed 02/09/16    Entered 02/09/16 19:23:11    Main Document
Pg 3 of 13

**Letters**"), copies of which are respectively attached as <u>Exhibits A-1</u>, <u>A-2</u>, and <u>A-3</u> to the Hoelscher Affidavit (as defined below), effective *nunc pro tunc* to the Petition Date and (ii) granting such other and further relief as the Court deems appropriate. In support of this Application, the Debtors submit the *Affidavit of Jeffrey R. Hoelscher in Support of the Debtors' Application to Employ and Retain Ernst & Young LLP as Independent Auditor and Tax Advisor and Statement Pursuant to Federal Rule of Bankruptcy Procedure 2014(a) and Section 327(a) of the Bankruptcy Code Nunc Pro Tunc to the Petition Date* (the "**Hoelscher Affidavit**") attached hereto as <u>Exhibit A</u>.

**Jurisdiction**

2.     This Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Background**

3.     The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 11, 2016 (the "**Petition Date**").

4.     The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

5.     The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* entered by this Court on January 13, 2016 in each of the Debtors' cases.

6. The Court entered the *Order Establishing Certain Notice, Case Management and Administrative Procedures* on January 21, 2016 [ECF No. 155] (the "**Case Management Order**").

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of John T. Drexler, Senior Vice President and Chief Financial Officer of Arch Coal, Inc.*, filed on the Petition Date [ECF No. 3], which is incorporated herein by reference.

### Services to Be Rendered

8. Pursuant to the terms of the Engagement Letters, the Debtors anticipate that E&Y may render certain audit and tax advisory services (the "**Services**") during these chapter 11 cases. Subject to the detailed description in the applicable Engagement Letter, a summary description of the Services is set forth below:

(a) Certain core audit services under the Audit Engagement Letter include, but are not limited to, the following (collectively, the "**Core Audit Services**"):

(1) Auditing and reporting on the consolidated financial statements of the Debtors for the year ended December 31, 2015;

(2) Auditing and reporting on the effectiveness of the Debtors' internal control over financial reporting as of December 31, 2015; and

(3) Reviewing the Debtors' unaudited interim financial information before the Debtors file their Form 10-Q.

(b) Certain other audit-related services under the Audit Engagement Letter, such as researching and/or accounting consultation services related to periodic accounting consultations held with management and services associated with the Debtors' reorganization filings, including without limitation, services related to incremental audit procedures, including valuation and tax procedures, consultations regarding accounting and disclosures in interim and annual financial statements, and procedures related to independence matters and Bankruptcy Court requirements (collectively, the "**Non-Core Audit Services**"). The Non-Core Audit Services shall also include any services required by the bankruptcy employment application preparation and fee application work.

(c) The Services under the Tax Engagement Letter include, but are not limited to, the following tax advisory services (collectively, the "**Tax Advisory Services**"):

(1) Advising the Debtors in developing an understanding of the tax implications of their bankruptcy restructuring alternatives and post-bankruptcy operations, including research and analysis of the Internal Revenue Code, Treasury regulations, case law and other relevant U.S. federal, state, and non-U.S. tax authorities, as applicable;

(2) Understanding reorganization and/or restructuring alternatives that the Debtors are evaluating with their existing bondholders and other creditors that may result in a change in the equity, capitalization and/or ownership of the shares of the Debtors or their assets;

(3) Advising with respect to the calculations ("**Section 382 Calculations**") related to historic changes in ownership of the Debtors' stock, including a determination of whether the shifts in stock ownership may have caused an ownership change that will restrict the use of tax attributes (such as net operating loss, capital loss and credit carryforwards and built-in losses) and the amount of any such limitation;

(4) Advising with respect to the determination of the amount of the Debtors' tax attributes, section 382 limitation (if any), discharge of indebtedness income, attribute reduction and net unrealized built-in gain/loss and an estimate of the built-in gain/loss to be recognized during the five-year, post-ownership change recognition period based on Notice 2003-65. E&Y will confirm whether section 382(l)(5) may be applied to the plan of reorganization and, if so, review modeling to determine whether it is more advantageous to apply section 382(l)(5) or elect section 382(l)(6);

(5) Advising with respect to the analysis related to availability, limitations and preservation of tax attributes, such as net operating losses, tax credits, stock and asset basis, as a result of the application of the federal and state (or non-U.S. local country, if applicable) cancellation of indebtedness provisions, including the review of calculations to determine the amount of tax attributes reduction related to debt cancellation income. E&Y will also assist with the analysis with respect to the benefits or detriments or making other related election, such as the election under section 108(b)(5);

(6) Advising with respect to tax analysis associated with the planned or contemplated acquisitions and divestitures, including tax return disclosure and presentation;

(7) Advising with respect to tax analysis and research related to tax-efficient domestic restructurings, including review of stock basis computations,

-5-

    non-income tax consequences, and verifying tax basis of assets and tax basis of subsidiary balance sheets for purposes of evaluating transactions;

(8) Advising with respect to the analysis of historic returns, tax positions and records for the application of relevant consolidated tax return rules to the current transaction, including, but not limited to, deferred intercompany transactions, excess loss accounts and other consolidated return issues for each legal entity in the Debtors' U.S. tax group;

(9) Advising with respect to the federal, state and local tax treatment (including tax return disclosure and presentation) governing the timing and deductibility of expenses incurred before and during the bankruptcy period, including, but not limited to, bankruptcy costs, severance costs, interest and financing costs, legal and professional fees, and other costs incurred as the Debtors rationalize their operations;

(10) Advising with respect to the federal, state and local country tax consequences of internal restructurings and rationalization of intercompany accounts;

(11) Advising with respect to the federal, state and local tax consequences of potential material bad debt and worthless stock deductions, including tax return disclosure and presentation;

(12) Providing documentation, as appropriate or necessary, of tax analysis, opinions, recommendations, conclusions and correspondence for any proposed restructuring alternative, bankruptcy tax issue or other tax matter described above; and

(13) Advising with respect to taxing jurisdiction correspondence and postpetition return disclosure considerations (including requests for prompt tax liability determinations) for the Debtors' review and finalization with counsel, and overview of related tax considerations to be considered by the Debtors and counsel in the development of the bankruptcy work plan.

9. The Debtors propose that any future amendment or modification of the Debtors' engagement of E&Y shall take effect after filing and 14 days' notice of such proposed amendment or modification (signed by the Debtors and E&Y) to the Core Parties (as that term is defined in the Case Management Order). If no objection is filed within the 14-day notice period, the proposed amendments or modifications shall take effect without any further notice, hearing

or requirement for an order of the Court. If an objection is filed and served within the 14-day notice period, the matter shall be scheduled for the next omnibus hearing date.

10. Subject to this Court's approval of the Engagement Letters, E&Y is willing to serve as the Debtors' independent auditor and tax advisor and to perform the Services. The services of E&Y are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully.

### Qualifications of Professionals

11. The Debtors have selected E&Y as their independent auditor and tax advisor because of E&Y's diverse experience and extensive knowledge in the fields of accounting, taxation and bankruptcy.

12. The Debtors, or their predecessor entities, have employed E&Y as independent auditor and tax advisor since at least 1996. By virtue of its prior engagement, E&Y is intimately familiar with the Debtors and is qualified to continue to provide auditing services to the Debtors. E&Y had commenced the audit of Debtors' 2015 financial statements prior to the Petition Date. As such, retaining E&Y is an efficient and cost-effective manner in which the Debtors may obtain the requisite services.

### Disinterestedness of Professionals

13. To the best of the Debtors' knowledge and except as disclosed in the Hoelscher Affidavit, (i) E&Y and its professionals are "disinterested persons" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) and referenced by section 328(a) of the Bankruptcy Code, (ii) E&Y does not hold or represent an interest adverse to the Debtors and their estates and otherwise meets the standards for employment under the Bankruptcy Code and (iii) E&Y connections with the

Debtors' creditors, any other party in interest or their respective attorneys are disclosed in the Hoelscher Affidavit.

**Professional Compensation**

14. Pursuant to the terms and conditions of each Engagement Letter, as applicable, and depending on the particular Services in question, the Debtors have agreed to compensate E&Y for the Services rendered in these chapter 11 cases under the following fee structure (the "**Fee Structure**"):

> (a) <u>Core Audit Fee</u>. The Debtors have agreed to pay E&Y a fee of $871,388.00 for the Core Audit Services (the "**Core Audit Fee**"), of which $108,988.00 the Debtors paid to E&Y in advance prior to the Petition Date.[4] The Debtors have agreed to pay the remaining balance of $762,400.00 to E&Y in two monthly installments of $381,200.00 payable on February 1, 2016 and March 1, 2016 respectively and subject to Court approval.
>
> (b) <u>Non-Core Audit Services Rates</u>. The Debtors have agreed to compensate E&Y for Non-Core Audit Services (as described in the Audit Engagement Letter) at hourly rates that reflect a discount from E&Y's normal and customary hourly rates for such services. The discounted hourly rates for Non-Core Audit Services are as follows:

| **Rank** | **Hourly Rate** |
| --- | --- |
| Partner/Executive Director | $750 - $850 |
| Senior Manager | $600 - $750 |
| Manager | $450 - $550 |
| Senior | $300 - $400 |
| Staff | $150 - $250 |
| Intern | $75 - $100 |

---

[4] As further described in the Hoelscher Affidavit, E&Y currently holds a credit balance in the amount of $108,988.00. The Debtors and E&Y have agreed, pursuant to the terms of the Audit Engagement Letter and subject to Court approval, that this amount will be applied in partial payment of the Core Audit Fee.

-8-

(c) <u>Tax Advisory Rates</u>. The Debtors have agreed to compensate E&Y for the Tax Advisory Services rendered at its normal and customary hourly rates for such services. The customary hourly rates for Tax Advisory Services are as follows:

| **Rank** | **Hourly Rate** |
|---|---|
| Partner/Executive Director | $800 - $950 |
| Senior Manager | $700 - $800 |
| Manager | $550 - $650 |
| Senior | $250 - $450 |
| Staff | $150 - $200 |

15.    In addition to the fees set forth above, the Debtors and E&Y have agreed that the Debtors shall reimburse E&Y for any actual, documented and reasonable direct expenses incurred in connection with E&Y's retention in these chapter 11 cases and the performance of the Services. E&Y's direct expenses shall include reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses specifically related to this engagement.

16.    E&Y intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred consistent with the terms of the Engagement Letters and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any order entered in these chapter 11 cases establishing procedures for interim compensation and reimbursement of expenses of professionals and any other applicable order of this Court. E&Y understands that interim and final fee awards are subject to approval by this Court. The Debtors believe that the aforementioned fees and expense reimbursement policy are fair and reasonable in light of

(a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context and (c) E&Y's experience with respect to these Services.

17. In accordance with Local Rule 2016-2(B), the Debtors propose that (a) E&Y be allowed to submit regular monthly invoices to the parties included in the Rule 9013-3(D) Master Service List and (b) pursuant to Local Rule 2016-2(B), the Debtors be authorized to pay up to 80% of fees and 100% of expenses on a monthly basis, subject to later court approval.[5]

18. Based upon the foregoing, the Debtors submit that cause exists to authorize the retention of E&Y *nunc pro tunc* to the Petition Date.

### Notice

19. Consistent with the Case Management Order, the Debtors will serve notice of this Application on (a) the Core Parties, and (b) any Non-ECF Parties (collectively, the "**Notice Parties**"). All parties who have requested electronic notice of filings in these cases through the Court's ECF system will automatically receive notice of this Application through the ECF system no later than the day after its filing with the Court. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website (located at *https://cases.primeclerk.com/archcoal*). A copy of the Proposed Order will be made available on the Debtors' Case Information Website. The Proposed Order may be modified or withdrawn at any time without further notice. If any significant modifications are made to the Proposed Order, an amended Proposed Order will be made available on the Debtors' Case Information Website, and no further notice will be provided. In light of the relief requested, the Debtors submit that no further notice is necessary.

---

[5] The Debtors intend to request by motion an Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, by which E&Y and certain other professionals would be compensated on an interim basis.

## **No Prior Request**

20. The Debtors have not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Debtors respectfully request that this Court:

(a) authorize the Debtors to retain and employ E&Y as their independent auditor and tax advisor in these chapter 11 cases on the terms and conditions set forth in the Engagement Letters, effective *nunc pro tunc* to the Petition Date; and

(b) grant the Debtors such other and further relief as is just and proper.

Dated: February __9__, 2016

_____
Robert G. Jones
Senior Vice President and General Counsel
Arch Coal, Inc.

## SCHEDULE 1
### Debtor Entities

| | | | |
|---|---|---|---|
| 1. | ACI Terminal, LLC | 37. | ICG Eastern, LLC |
| 2. | Allegheny Land Company | 38. | ICG Eastern Land, LLC |
| 3. | Apogee Holdco, Inc. | 39. | ICG Illinois, LLC |
| 4. | Arch Coal, Inc. | 40. | ICG Knott County, LLC |
| 5. | Arch Coal Sales Company, Inc. | 41. | ICG Natural Resources, LLC |
| 6. | Arch Coal West, LLC | 42. | ICG Tygart Valley, LLC |
| 7. | Arch Development, LLC | 43. | International Coal Group, Inc. |
| 8. | Arch Energy Resources, LLC | 44. | Jacobs Ranch Coal LLC |
| 9. | Arch Reclamation Services, Inc. | 45. | Jacobs Ranch Holdings I LLC |
| 10. | Arch Western Acquisition Corporation | 46. | Jacobs Ranch Holdings II LLC |
| 11. | Arch Western Acquisition, LLC | 47. | Juliana Mining Company, Inc. |
| 12. | Arch Western Bituminous Group, LLC | 48. | King Knob Coal Co., Inc. |
| 13. | Arch Western Finance LLC | 49. | Lone Mountain Processing, Inc. |
| 14. | Arch Western Resources, LLC | 50. | Marine Coal Sales Company |
| 15. | Arch of Wyoming, LLC | 51. | Melrose Coal Company, Inc. |
| 16. | Ark Land Company | 52. | Mingo Logan Coal Company |
| 17. | Ark Land KH, Inc. | 53. | Mountain Coal Company, L.L.C. |
| 18. | Ark Land LT, Inc. | 54. | Mountain Gem Land, Inc. |
| 19. | Ark Land WR, Inc. | 55. | Mountain Mining, Inc. |
| 20. | Ashland Terminal, Inc. | 56. | Mountaineer Land Company |
| 21. | Bronco Mining Company, Inc. | 57. | Otter Creek Coal, LLC |
| 22. | Catenary Coal Holdings, Inc. | 58. | Patriot Mining Company, Inc. |
| 23. | Catenary HoldCo, Inc. | 59. | P.C. Holding, Inc. |
| 24. | Coal-Mac, Inc. | 60. | Powell Mountain Energy, LLC |
| 25. | CoalQuest Development LLC | 61. | Prairie Coal Company, LLC |
| 26. | Cumberland River Coal Company | 62. | Prairie Holdings, Inc. |
| 27. | Energy Development Co. | 63. | Saddleback Hills Coal Company |
| 28. | Hawthorne Coal Company, Inc. | 64. | Shelby Run Mining Company, LLC |
| 29. | Hobet Holdco, Inc. | 65. | Simba Group, Inc. |
| 30. | Hunter Ridge, Inc. | 66. | Thunder Basin Coal Company, L.L.C. |
| 31. | Hunter Ridge Coal Company | 67. | Triton Coal Company, L.L.C. |
| 32. | Hunter Ridge Holdings, Inc. | 68. | Upshur Property, Inc. |
| 33. | ICG, Inc. | 69. | Vindex Energy Corporation |
| 34. | ICG, LLC | 70. | Western Energy Resources, Inc. |
| 35. | ICG Beckley, LLC | 71. | White Wolf Energy, Inc. |
| 36. | ICG East Kentucky, LLC | 72. | Wolf Run Mining Company |