UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re:** | Chapter 11<br>Case No. 16-40120-705 |
| **ARCH COAL, INC.,** *et al.,* | (Jointly Administered) |
| Debtors.[1] | [Related to Docket No. 294] |

ORDER APPROVING PROCEDURES FOR (i) THE
SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES AND (ii) THE
ABANDONMENT OF CERTAIN OF THE DEBTORS' PROPERTY

On February 9, 2016, Arch Coal, Inc. and its subsidiaries that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") filed a motion (the "**Motion**")[2] for an order, pursuant to sections 105, 363 and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007, approving Procedures to sell or abandon De Minimis Assets. This Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and it having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and it having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having represented that they made proper and sufficient notice; and the Court having reviewed the Motion; and the relief requested in the Motion being in the best interests of the Debtors, their estates and the creditors; and the Court having determined that there exists the required basis for the relief granted herein;

---

[1] The Debtors are listed on Schedule 1 attached to the Motion. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

and upon all of the proceedings had before the Court and after due deliberation; the Court ORDERS that:

1.　　The relief requested in the Motion is hereby **GRANTED** as set forth herein.

2.　　If the Procedures conflict with the Case Management Order, the Procedures shall control with respect to the sale, auction or abandonment of De Minimis Assets. In all other circumstances, except as otherwise provided by separate order, the Case Management Order shall govern.

3.　　For purposes of the Procedures, (a) the net benefit estimated to be realized by the Debtors' estates in a private sale of De Minimis Assets or (b) the book value of a De Minimis Asset to be auctioned shall constitute the "**Transaction Value**."[3] The net benefit is the amount of cash consideration or fair market value of non-cash consideration estimated to be received by the Debtors plus the value of any liabilities to be assumed by the purchaser (to the extent quantifiable or reasonably estimable, as determined by the Debtors in their discretion), less expenses to be incurred in connection with the sale, or any offsets or other deductions (to the extent quantifiable or reasonably estimable, as determined by the Debtors in their discretion). To the extent that any Cure Claims (as defined below) are payable in connection with a transaction under the Procedures, such Cure Claims shall (a) to the extent paid by the purchaser, not count against the Transaction Value and (b) to the extent paid by the Debtors, be deducted from the total consideration received by the Debtors to be applied against the Transaction Value. The Transaction Value shall be determined without consideration as to whether the property proposed

---

[3] Solely for the purposes of the Procedures and the calculation of the Transaction Value, entry into a series of related sales within any given thirty-day period between any of the Debtors, on the one hand, and any given counterparty or its affiliates, on the other hand, shall be deemed to be entry into a single sale.

to be sold is free and clear of all liens, claims, interests and encumbrances (any of the foregoing, a "**Lien**").

I. **Transaction Value Less than or Equal to $2,000,000**

   a. If the Transaction Value for a De Minimis Asset is less than or equal to $2,000,000, no notice or hearing shall be required.

II. **Transaction Value Greater than $2,000,000 and Less than or Equal to $7,500,000**

   a. If the Debtors are transferring De Minimis Assets via a sale, the Debtors shall file a notice with the Court, substantially in the form attached to the Motion as Exhibit A (the "**Sale Notice**"), specifying (i) the De Minimis Assets to be sold and their location, (ii) the identity of the purchaser and whether the purchaser is an "affiliate", as that term is defined under section 101(2) of the Bankruptcy Code, of any of the Debtors, (iii) any commissions to be paid to third parties (such as brokers), (iv) the proposed purchase price, (v) identification of any mining permits and mining permit numbers that are impacted by the proposed sale and identification of any surety or sureties that have provided bonds related to such mining permits and (vi) any executory contracts and unexpired leases, if any, that the applicable Debtor or Debtors propose to be assumed, assumed and assigned or rejected as part of the sale and, if any lease is to be assumed or assumed and assigned, the amounts required pursuant to section 365(b) of the Bankruptcy Code to cure any defaults (the "**Cure Claim**") and a statement regarding the adequate assurance of future performance by the purchaser or transferee.

   b. If the Debtors are transferring De Minimis Assets via an auction, the Debtors shall file a notice with the Court, substantially in the form attached to the Motion as Exhibit B (the "**Auction Notice**"), specifying (i) the De Minimis Assets to be auctioned and their location, (ii) the time, date and place of the auction, (iii) any commissions to be paid to third parties (such as auctioneers), (iv) the minimum acceptable bid, if any, (v) any terms and conditions of sale to be imposed at the auction, (vi) identification of any mining permits and mining permit numbers that are impacted by the proposed sale and identification of any surety or sureties that have provided bonds related to such mining permits and (vii) any executory contracts and unexpired leases, if any, that the applicable Debtor or Debtors propose to be assumed, assumed and assigned or rejected as part of the auction and, if any lease is to be assumed or assumed and assigned, the Cure Claim and a statement regarding the adequate assurance of future performance by the purchaser or transferee.

   c. The Debtors shall serve the Sale Notice or Auction Notice, as applicable, only on (i) the Core Parties (as defined in the Case Management Order), (ii) any person or entity with a particularized interest in the De Minimis Assets to be sold or auctioned, including any known creditor asserting a Lien on such De Minimis Assets, and including the U.S. Department of the Interior, Bureau of Land

        Management ("**BLM**") and the U.S. Department of Agriculture, Forest Service ("**FS**"), if the BLM or the FS, as applicable, has an interest in any De Minimis Assets to be sold or auctioned, (iii) all counterparties to executory contracts or unexpired leases proposed to be assumed, assumed and assigned or rejected as part of the proposed sale or auction and (iv) in connection with any sale or auction of real property (A) any applicable federal or state (1) permitting or licensing authority, (2) environmental regulatory agency, including the United States Department of Justice, Environmental and Natural Resources Division (the "**ENRD**") and/or (3) reclamation bonding entity (any such entity, a "**Governmental Authority**") and (B) any non-Debtor party that has secured, through the issuance of a bond, guaranty or other form of credit support, any obligation of the Debtors with respect to such property (any such party, a "**Surety**", and together with all parties identified in (i) through (iv) above, the "**Service Parties**").

d.     The deadline for filing an objection (an "**Objection**") to the proposed sale or auction of De Minimis Assets shall be 4:00 p.m. (prevailing Central time) on the date that is 7 days after the date the Sale Notice or Auction Notice is filed and served (the "**Transaction Objection Deadline**"). An Objection will be considered timely only if it is filed with the Court and actually received by the Service Parties, the Debtors and the Debtors' counsel on or before the Transaction Objection Deadline. The Debtors may extend the Transaction Objection Deadline as to any party without further order of the Court.

e.     Objections shall include (i) an appropriate caption, including the title and date of the Sale Notice or Auction Notice to which it is directed, (ii) the name of the objector, (iii) a concise statement setting forth the reasons why the Court should not permit the asset sale or auction and/or payment of broker commissions or auctioneer fees, as applicable, and (iv) except as to any Objection filed on behalf of any governmental unit, the name, address, telephone number and email address, as applicable, of a person authorized to settle or otherwise resolve any objection on the objector's behalf.

f.     Unless otherwise ordered by the Court, a reply to an Objection may be filed with the Court and served at least one business day before the date of the applicable hearing.

g.     If no Objections are timely received and filed by the Transaction Objection Deadline, the Debtors may immediately sell the De Minimis Assets listed in the Sale Notice or auction the assets listed in the Auction Notice, as applicable, and take any actions and execute any agreements or other documentation that are necessary or desirable to close the transaction and obtain the sale proceeds. If an Objection is timely received and filed and cannot be settled by the Debtors and the objecting parties, the De Minimis Asset that is the subject of the Objection will not be sold except upon order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the Sale Notice or Auction Notice that is not the

        subject of an Objection may be immediately sold in accordance with the foregoing sentence.

### III. Transaction Value Greater than $7,500,000

    a.    If the Transaction Value for the sale of a De Minimis Asset that the Debtors believe is arguably outside of the ordinary course of the Debtors' businesses is greater than $7,500,000, the Debtors shall file a motion with the Court requesting approval of the sale.

### IV. Commissions to Third Parties

    a.    The Debtors shall be permitted to compensate any broker or auctioneer engaged by the Debtors in connection with any sale, auction, attempted sale or attempted auction of De Minimis Assets, as applicable; *provided*, *however*, that if an Objection to the payment of any broker's or auctioneer's fees is timely received and filed before the Transaction Objection Deadline, then the portion of such broker's or auctioneer's fees to which the Objection is directed shall not be paid until such Objection is consensually resolved or until the Court approves such payment. This provision shall constitute a waiver of the requirements under Bankruptcy Rule 6005 with respect to any brokers or auctioneers.

4.    The Procedures satisfy section 363(f) of the Bankruptcy Code and any De Minimis Asset sold pursuant to the Procedures shall be free and clear of all Liens.

5.    Any creditor asserting a Lien on any De Minimis Assets to be sold that receives a Sale Notice or an Auction Notice will have an opportunity to object to any sale or auction in which they claim an interest. If a holder of a Lien receives a Sale Notice or an Auction Notice and does not object by the Transaction Objection Deadline, the Lien holder will be deemed to have consented to the proposed sale and the property may then be sold free and clear of the holder's interests pursuant to section 363(f) with any such Liens to be, at the Debtors' sole discretion, either (i) satisfied from the proceeds of the sale or (ii) transferred and attached to the net sale proceeds in the same order of priority that such Liens had on the De Minimis Assets sold.

6.    Those parties that purchase De Minimis Assets in accordance with the Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code.

7. The 14-day stay set forth in Bankruptcy Rule 6004(h) is hereby waived in connection with all sales of De Minimis Assets pursuant to the Procedures.

8. A sale shall include, and the Procedures shall apply to, entry into exchange agreements that the Debtors enter into in the ordinary course of their businesses, which involve swapping non-strategic coal mineral rights or other assets for cash, other assets or coal mineral rights, that are strategic to the Debtors' operations. The Procedures shall not apply to any transaction covered by any order authorizing the Debtors, in the ordinary course of their businesses, to enter into and perform under contracts with customers to sell coal from the Debtors' mining operations or acquired from other sources.

**I. De Minimis Assets to Be Abandoned Less than or Equal to $2,000,000**

   a. If the book value[4] of the De Minimis Asset to be abandoned is less than or equal to $2,000,000, the Debtors shall serve notice on the person or entity to whom the De Minimis Asset is to be abandoned, any person or entity known to the Debtors as having an interest in the De Minimis Asset to be abandoned, including any known creditor asserting a Lien on the De Minimis Asset to be abandoned and counsel to the Official Committee of Unsecured Creditors (the "**Committee**"). Such notice shall be served 7 days before such De Minimis Assets are abandoned.

**II. De Minimis Assets to Be Abandoned Greater than $2,000,000 or Less than or Equal to $5,000,000**

   a. The Debtors shall file a notice with the Court, substantially in the form attached to the Motion as Exhibit C (the "**Abandonment Notice**"), specifying (i) the property to be abandoned, (ii) the reason for the abandonment, (iii) the parties known to the Debtors as having an interest in the property to be abandoned, (iv) the entity to which the personal property is to be abandoned, (v) identification of any mining permits and mining permit numbers that are impacted by the proposed sale and identification of any surety or sureties that have provided bonds related to such mining permits and (vi) in connection with the abandonment of any interest in real property, a statement that neither any environmental condition related to such property nor the abandonment thereof presents any threat of an imminent and identifiable harm to public health and safety. The Debtors shall serve the Abandonment Notice on the Service Parties (as defined above).

---

[4] Solely for the purposes of the Procedures, entry into a series of related abandonments within any given thirty-day period to any given counterparty or its affiliates shall be deemed a single abandonment.

-6-

      b.      The deadline for the filing of an Objection to the proposed abandonment of De Minimis Assets shall be 4:00 p.m. (prevailing Central time) on the day that is 7 days from the date the Abandonment Notice is filed and served (the "**Abandonment Objection Deadline**"). The Debtors may extend the Abandonment Objection Deadline as to any party without further order of the Court.

      c.      An Objection will be considered timely only if it is filed with the Court and served so that it is actually received on or before the Abandonment Objection Deadline by the Service Parties, the Debtors and the Debtors' counsel.

      d.      Unless otherwise ordered by the Court, a reply to an Objection may be filed with the Court and served no later than one business day before the date of the applicable hearing.

      e.      Objections shall include (i) an appropriate caption, including the title and date of the Abandonment Notice to which it is directed, (ii) the name of the objector, (iii) a concise statement setting forth the reasons why the Court should not permit the abandonment and (iv) except as to any Objection filed on behalf of any governmental unit, the name, address, telephone number and email address, as applicable, of a person authorized to settle or otherwise resolve any objection on the objector's behalf.

      f.      If no Objections are timely filed and served by the Abandonment Objection Deadline, the Debtors may immediately abandon the De Minimis Asset listed in the Abandonment Notice and take any actions that are necessary or desirable to abandon the subject property. If an Objection is timely received and filed and cannot be resolved between the Debtors and the objecting party, the De Minimis Asset that is the subject of the Objection will not be abandoned except upon order of the Court; *provided*, *however*, that any De Minimis Asset set forth on the applicable Abandonment Notice and not the subject of an Objection may immediately be abandoned in accordance with the foregoing sentence.

**III.**    **De Minimis Assets to Be Abandoned Greater than $5,000,000**

      a.      If the book value of the De Minimis Asset to be abandoned is greater than $5,000,000, the Debtors shall file a motion with the Court requesting approval of the abandonment.

      9.      The Debtors shall not abandon De Minimis Assets pursuant to the Procedures where the abandonment would pose an environmental hazard or where a serious risk to the public is likely to result, or where significant reclamation pursuant to the Surface Mining Control Act ("**SMCRA**") or the Federal Land Policy and Management Act ("**FLPMA**") is ongoing.

-7-

10. For purposes of complying with the Procedures only, notwithstanding anything to the contrary in this Order, each asset (i) constituting a "coal or other mine", as defined in 30 U.S.C. § 802(h), (ii) involving the assumption, assumption and assignment or rejection of an executory contract or unexpired lease (whether such lease is a true lease or a lease intended as security), (iii) that has associated permits issued pursuant to SMCRA or its federal or state implementing provisions, or the Clean Water Act ("**CWA**") or its federal or state implementing provisions, or has associated ongoing reclamation obligations pursuant to the FLPMA, (iv) involving any person or entity with a particularized interest in the asset, including any known creditor asserting a Lien on the asset or (v) involving real property that is subject to any coal mining permits with a surety bond securing the Debtors' obligations under such permits, shall be deemed to have a Transaction Value or book value, as applicable, of greater than $2,000,000.

11. As to any asset proposed to be sold or abandoned pursuant to this Order, the Debtors shall include in the applicable Sale Notice or Auction Notice:

   a. to the extent known to the Debtors, the permit number(s) of any permits issued pursuant to SMCRA, the FLPMA or Sections 402 or 404 of the CWA or their federal or state implementing provisions, as well as any Nuclear Regulatory Commission ("**NRC**") licenses or permits.

   b. to the extent known by the Debtors, a description of any environmental contamination related to the asset proposed to be sold or abandoned that (i) has been alleged to violate a permit condition or regulatory standard or to present, or may be reasonably alleged to present, a threat of imminent and identifiable harm

-8-

>
> to public health and safety or (ii) is reasonably expected to require non-*de minimis* remediation or cleanup under applicable environmental laws.

12. As soon as reasonably practicable prior to the filing of any Sale Notice, Auction Notice, Abandonment Notice or motion to sell, auction or abandon assets, the Debtors shall consult with the advisors to the Committee, and provide counsel to the Committee with a copy of the proposed Sale Notice, Auction Notice, Abandonment Notice or motion, as applicable, and any additional information reasonably requested by the Committee, in each case subject to any applicable confidentiality restrictions, including as set forth in (i) the applicable executory contract or unexpired lease or (ii) the Confidentiality and Nondisclosure Agreement dated as of February 8, 2016 between the Debtors and the Committee.

13. Nothing in this Order shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the owner, lessee, permittee, controller, or operator of property or a mining operation after the date of entry of this Order (including but not limited to liability for reclamation pursuant to SMCRA, the FLPMA or other applicable federal or state law or regulation), whether or not such liability is based in whole or part on conditions, acts or omissions prior to the date of entry of this Order. Nothing in this Order shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory liability by a governmental unit against any Debtor or successor-in-interest to any Debtor (including but not limited to liability for reclamation pursuant to SMCRA, the FLPMA or other applicable federal or state law or regulation). Nothing in this Order shall release, nullify, preclude, or enjoin the enforcement of the Debtors' obligations under the Consent Decrees in in *United States et al. v. Arch Coal, Inc., et al.*, 2:11-cv-00133 (S.D. W.Va.) and *United States et al. v. Arch Coal, Inc., et al.,* 2:15-cv-11838 (S.D. W.Va.). Nothing in this Order shall authorize the

transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements or approvals under police or regulatory law.

14. Nothing in this Order shall be deemed to allow the Debtors to abandon real property or personal property in violation of any applicable state or federal laws or regulations, including but not limited to United States environmental laws and regulations.

15. In addition to any notice required herein, the Debtors shall provide notice of any sale or abandonment hereunder to any state or federal environmental regulatory authority to the extent otherwise required by applicable law.

16. Upon the closing of a sale or abandonment pursuant to this Order, the Debtors may assume, assume and assign or reject any executory contract or unexpired lease and pay any related Cure Claims. The counterparties to any executory contracts or unexpired leases are hereby barred from asserting any further Cure Claims in respect of such executory contracts or unexpired leases, as applicable, after the Transaction Objection Deadline.

17. With respect to executory contracts or unexpired leases to be assumed, assumed and assigned or rejected as part of any transaction under the Procedures and this Order, any adequate assurance of future performance shall be provided, and any Cure Claims paid, consistent with section 365 of the Bankruptcy Code.

18. Every federal, state and local government agency or department is hereby directed to accept any and all documents and instruments necessary or appropriate to consummate the disposition of De Minimis Assets. The register or recorder of deeds (or other similar recording agency) is hereby directed to accept and include a certified copy of this Order along with any

other appropriate conveyance documents used to record and index the transfer of any De Minimis Assets in the appropriate public records.

19. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule of the Bankruptcy Court for the Eastern District of Missouri that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all such actions as are necessary to implement the terms of this Order.

21. The Debtors have represented that proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Eastern District of Missouri.

22. No later than 24 hours after the date of this Order, the Debtors shall serve a copy of this Order on the Notice Parties and, no later than 24 hours after such service, the Debtors shall file a certificate of service with the Court.

DATED: February 24, 2016  
St. Louis, Missouri 63102  
mtc

CHARLES E. RENDLEN, III  
U.S. Bankruptcy Judge

**Order Prepared By:**
Marshall S. Huebner
Brian M. Resnick
Michelle M. McGreal
Kevin J. Coco
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017