UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 16-40120-705 |
| ARCH COAL, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | [Related to Docket No. 281] |

**ORDER APPROVING DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN FTI CONSULTING INC. AS RESTRUCTURING FINANCIAL ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

On February 9, 2016 Arch Coal, Inc. and its subsidiaries that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") filed an application (the "**Application**")[2] for an order, pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and Local Rules 2014(A) and 2016-1(A) approving the employment and retention of FTI as their restructuring financial advisor.  This Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. § 1334; and it having authority to hear the matters raised in the Application pursuant to 28 U.S.C. § 157; and it having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having represented that they provided proper and sufficient notice; and the Court having reviewed the Application; and the relief requested in the Application being in the best interests of the Debtors, their estates and their creditors; and the Court having determined that there exists the required basis for the relief

---

[1] The Debtors are listed on Schedule 1 attached to the Application.  The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Application.

granted herein; and upon all of the proceedings had before the Court and after due deliberation; the Court ORDERS that:

1. The Application is hereby **APPROVED** as set forth herein.

2. The Debtors are authorized and directed to employ and retain the Advisor as their restructuring financial advisor effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Engagement Letter, attached as Exhibit 1 to the Boyko Declaration and incorporated by reference herein, and to pay fees and expenses to the Advisor on the terms and conditions specified in the Engagement Letter, to the extent that the terms of the Engagement Letter do not conflict with the terms of this Order.

3. The Advisor is authorized to provide the Services, as detailed in Section 2 of the Engagement Letter.

4. The Debtors will reimburse the Advisor for reasonable expenses directly attributable to the Engagement, including, without limitation, fees, disbursements and other charges by the Advisor's counsel to the extent provided for in the Engagement Letter as modified by this Order (including, without limitation, pursuant to the Indemnification Provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; *provided, however*, that such fees shall not include fees related to fee applications or drafting and negotiating the Engagement Letter, the Application or any related documents; *provided, further*, that in the event that the Advisor seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in the Advisor's own applications and shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code.

5. The Indemnification Provisions set forth in the Engagement Letter and Attachment A of the Engagement Letter (the "**Indemnification Agreement**") are approved, subject to the following modifications:

(a) All requests of Indemnified Parties for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, reimbursement or contribution conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, reimbursement or contribution is sought; *provided, however*, that in no event shall Indemnified Party be indemnified in the case of its own bad faith, fraud, gross negligence or willful misconduct.

(b) In the event that Indemnified Party seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Indemnified Party for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Indemnified Party's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

6. The Advisor shall file fee applications on 120-day intervals from the commencement of these chapter 11 cases for compensation and reimbursement of expenses and shall be compensated for its services and reimbursed for any related expenses in accordance with and pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines and any other applicable orders of this Court; *provided*, *however*, that the proposed fee structure and indemnification provisions set forth in the Engagement Letter shall be subject to review pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by solely the U.S. Trustee for the Eastern

District of Missouri (the "**U.S. Trustee**"), who, for the avoidance of doubt, shall be entitled to review applications for payment of compensation and reimbursement of expenses of the Advisor under section 330 of the Bankruptcy Code. The Advisor shall not be required to submit time records in support of its fee applications.

7. The Debtors are jointly authorized to pay the Advisor's monthly invoices under the procedures set forth in Local Rule 2016-2(B).

8. Notwithstanding anything to the contrary in the Engagement Letter, the Application or the Boyko Declaration, to the extent that the Debtors request that the Advisor perform any services other than those detailed in Section 2 of the Engagement Letter, the Debtors shall seek further approval by the Court, including any related modifications to the Engagement Letter, and the application seeking such approval shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

9. The Advisor shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

10. To the extent the Application, the Engagement Letter or any prior order or pleading in these cases is inconsistent with this Order, the terms of this Order shall govern.

11. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule of the Bankruptcy Court for the Eastern District of Missouri that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all such actions as are necessary to implement the terms of this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

14. The Debtors have represented that proper, timely, adequate and sufficient notice of the Application has been provided in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Eastern District of Missouri.

15. No later than 24 hours after the date of this Order, the Debtors shall serve a copy of this Order on the Notice Parties, and, no later than 24 hours after such service, the Debtors shall file a certificate of service with the Court.

DATED: February 24, 2016  
St. Louis, Missouri 63102  
mtc

CHARLES E. RENDLEN, III  
U.S. Bankruptcy Judge

-6-

**Order Prepared By:**
Marshall S. Huebner
Brian M. Resnick
Michelle M. McGreal
Kevin J. Coco
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017