# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **In re:** | Chapter 11<br>Case No. 16-40120-705 |
| | (Jointly Administered) |
| **ARCH COAL, INC.,** *et al.*, | Hearing Date and Time:<br>TBD |
| **Debtors.**[1] | Hearing Location:<br>Courtroom 7 South |

## DEBTORS' OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO PRESENT MOTIONS ON EXPEDITED BASIS, AND NOTICE OF HEARING THEREON, AND EMERGENCY REQUEST FOR A TELECONFERENCE

---

[1] The Debtors are listed on Schedule 1 attached hereto. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

Arch Coal, Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") submit this objection to the motion of the Official Committee of Unsecured Creditors (the "**Committee**") for leave to present two motions seeking derivative standing [ECF Nos. 963, 964] (the "**Standing Motions**") on an expedited basis [ECF No. 966] (the "**Motion to Expedite**"). The Debtors respectfully request that the Court schedule a hearing on the Standing Motions no earlier than the week of July 18, 2016, enter the briefing schedule set forth below, and/or schedule a teleconference as soon as practicable to resolve the Motion to Expedite.

1. For several weeks, the Debtors, Committee and other parties in interest have engaged in negotiations over a consensual plan of reorganization. While the Debtors have reached an agreement with the senior secured lenders that hold over two-thirds of the company's first lien term loan (the "**Term Lenders**") on a plan, the Debtors have not yet reached an agreement with the Committee, and the Committee has decided to commence litigation. Late last night, the Committee filed two motions seeking derivative standing. Together, the Standing Motions span 158 pages and attach three proposed complaints, which assert 24 potential causes of action against dozens of defendants, including the Debtors' management, their prepetition lenders, and various other parties. While the Committee previously shared drafts of the Standing Motions with the Debtors, this was the first time the Debtors saw the Committee's complaints. As of the filing of this objection, the Committee still had not provided the parties with copies of the exhibits and schedules to its proposed complaints.

2. In its Motion to Expedite, the Committee seeks to have the Standing Motions heard on Wednesday, June 22, 2016 – just one week from today. And the Committee's proposed schedule violates the Local Rules by purporting to set an objection deadline less than two days

from now (something that the Committee does not reveal to the Court, to the Debtors, or to others parties in its Motion to Expedite).[2] Whether measured from the Committee's original deadline for filing the Standing Motions or today, the timeline for this litigation is not feasible, nor is it consistent with the way in which standing motions are litigated in complex bankruptcy cases.

3.  Recent litigations demonstrate the unreasonableness of the Committee's requested schedule. *See, e.g.*, *In re Caesars Entm't Operating Co., Inc.*, Case No. 15-01145 (Bankr. N.D. Ill.) (standing motion filed May 13, 2016) (131 days between motion and hearing); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (Bankr. S.D.N.Y.) (standing motion filed November 17, 2015) (83 days between motion and hearing); *In re Colt Holding Co., LLC*, Case No. 15-11296 (Bankr. D. Del.) (standing motion filed August 28, 2015) (40 days between motion and hearing); *In re Centaur LLC,* Case No. 10-10799 (Bankr. D. Del.) (standing motion filed July 9, 2010) (60 days between motion and hearing). In short, these motions are typically litigated over the course of months.

4.  Unlike the proposed schedule here, the schedules observed in other cases appropriately account for the nature of the inquiry on a motion for derivative standing. Under well-settled law, the Committee must establish, among other things, that the Debtors have unjustifiably refused to pursue the claims set forth in the proposed complaints. *See In re Racing Servs.*, 540 F.3d 892, 900 (8th Cir. 2008). This requires an evaluation of the costs and benefits of pursuing the litigation, *id.* at 900-01, and an evidentiary hearing on these issues, *see In re Foster*, 516 B.R. 537, 541-42 (B.A.P. 8th Cir. 2014). In order to appropriately respond to the

---

[2] The disclaimer language on the face of the Standing Motions advises parties that all objections must be filed by 4 p.m. prevailing Central Time on June 16, 2016 (tomorrow).

-3-

very serious – albeit meritless – allegations advanced by the Committee, the Debtors intend to introduce evidence, and marshalling that evidence at the evidentiary hearing will require several weeks.

5. A schedule that contemplates at least 30 days before a hearing on the Standing Motions also will afford the Court adequate time (or at least more time) to review the parties' motion papers and preside over contested hearings. Under the Committee's proposed schedule, the Court would have to review the 275-page disclosure statement and all related briefing at the same time that it reviews voluminous briefing and associated declarations on the Standing Motions. Likewise, the Court would need to preside over hearings on the Debtors' disclosure statement and on the Standing Motions on the same day. Hearings on motions for derivative standing can require multiple days, *see, e.g.*, *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 [ECF No. 923] at 34 (15-day hearing); *In re Capmark Financial Grp. Inc.*, Case No. 09-13684 [ECF No. 2008] at 6 (Bankr. D. Del. Nov. 1, 2010) (5-day hearing), and while the Debtors cannot predict at this time the precise length of the hearing on the Standing Motions, the Committee's proposal to limit the hearing to a few hours following a contested disclosure statement hearing is obviously inadequate and prejudices the parties and the Court.

6. In its Motion to Expedite, the Committee makes various cursory arguments in support of its position that its request is reasonable. Not one has merit. First, the Committee contends that "the Debtors have agreed not to use the fact that the motions are being filed on shortened notice as a basis for objecting to them being heard at the June 22, 2016 hearing." (Motion to Expedite ¶ 9.) While it is true that, in an effort to allow time for the parties, including the Committee, to reach a consensual resolution, the Debtors agreed to extend the Committee's deadline to file the Standing Motions and stated that they would not insist that they have been

-4-

prejudiced by individual single-day adjournments, the Debtors <u>never</u> agreed that the hearing should occur on June 22. To the contrary, the Debtors advised the Committee weeks ago that "[w]e do not believe the current schedule for the standing litigation [*i.e.*, one where a motion is filed 14 days before a hearing] is sensible, both from the perspective of briefing and also because we do not think the [Court] can realistically hear both the disclosure statement and a contested standing hearing on the same day given the number of disputes at issue."[3] (**Ex. A**.) The Debtors reserved their rights in that regard and advance the very same argument here. Indeed, at no point did the Debtors – having previously explained that a hearing on 14 days' notice was neither sensible nor feasible – suddenly forfeit the right to contest an objection deadline that affords them 40 hours to respond to more than 150 pages of briefing and allegations, and forces the Court to conduct a complex evidentiary hearing just a few days from now.

7. The Committee also asserts that the Debtors will not be prejudiced by expedition because "[t]he subject matter of the Standing Motions has been a topic of much discussion between and among the Committee, the Debtors and other interested parties." (Motion to Expedite ¶ 8.) To the contrary, the Debtors will be severely prejudiced. The Committee seeks an expedited hearing regarding three proposed complaints (and 24 causes of action) that the Debtors first saw last night.[4] The Committee also violates the Local Rules by seeking to force the Debtors to respond to two motions and three complaints in under 40 hours, rather than setting the date of the hearing as the objection deadline, as the rules require. *See* Local Bankruptcy Rule

---

[3] A true and correct copy of correspondence from Debtors' counsel to Committee counsel is attached hereto as **Exhibit A**.

[4] To be sure, approximately two weeks ago, after months of requesting clarity about the Committee's theories of liability, the Committee shared drafts of its standing motions with the Debtors. The drafts were shared in connection with a potential resolution of various parties' claims and were not shared on condition that – if there were no resolution – the Debtors would forfeit needed time to respond to the motions. Moreover, the Committee *refused* at all times to provide the Debtors with copies of its proposed complaints, a fact the Committee neglects to mention in its Standing Motions.

9013-2(B) ("A response to a motion or application set on an expedited or emergency basis and to the motion seeking expedited or emergency hearing may be filed *until the date of the hearing*.") (emphasis added). The cure for this prejudice is not for the Debtors to file hundreds of pages of responsive briefing and multiple declarations on the eve of the hearing – rather, the Court should enter a scheduling order, consistent with the Debtors' request, which provides for a reasonable and appropriate schedule while balancing the need to complete this litigation expeditiously.[5]

8. Finally, the Committee contends that scheduling the Standing Motions for hearing on June 22, 2016 will preserve judicial resources because "other matters pertaining to these Cases already are scheduled for the proposed hearing date." (Motion to Expedite ¶ 10.) There will be no overlap between the motion to approve the Debtors' disclosure statement and the Standing Motions, and the Committee does not contend in its Motion to Expedite that these matters need to be heard together. Indeed, the hearing on the Standing Motions will involve separate briefing, separate argument, and separate records. Far from conserving judicial resources, it is simply impossible for the Court to conduct a contested evidentiary hearing on the same day it conducts a contested disclosure statement hearing. The additional time for the Standing Motions will also allow the parties to continue to engage in settlement discussions that may ultimately resolve some or all of the claims set forth in the proposed complaints. The schedule proposed by the Debtors is also supported by the Term Lenders (who would be defendants in the litigation the Committee seeks to bring).

9. For these reasons, the Debtors respectfully request that the Court enter the proposed scheduling order. The proposed order provides for a hearing on the Committee's

---

[5] The Debtors will submit a proposed order concurrently herewith. The proposed order will be provided to the Committee and posted on the public website, *https://cases.primeclerk.com/archcoal*.

-6-

Standing Motions during the week of July 18, 2016 (or as soon thereafter as practicable); that any objections to the Standing Motions will be filed on or before July 1, 2016 at 11:59 p.m. prevailing Central Time; and that any replies in support of the Standing Motions will be filed on or before July 11, 2016 at 11:59 p.m. prevailing Central Time.  To the extent the Court needs to hear from the parties, given the immediacy of the near-term deadlines, the Debtors request that the Court schedule a telephonic conference as soon as possible to decide the Motion to Expedite.

Dated:	June 15, 2016
	New York, New York

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

/s/ Elliot Moskowitz
Marshall S. Huebner
Elliot Moskowitz
Brian M. Resnick
Lara Samet Buchwald

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
Fax:    (212) 607-7983
marshall.huebner@davispolk.com
elliot.moskowitz@davispolk.com
brian.resnick@davispolk.com
lara.buchwald@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

-and-

BRYAN CAVE LLP

Lloyd A. Palans, #22650MO
Brian C. Walsh, #58091MO
Cullen K. Kuhn, #53151MO
Laura Uberti Hughes, #60732MO

One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000
Fax:  (314) 259-2020
lapalans@bryancave.com
brian.walsh@bryancave.com
ckkuhn@bryancave.com
laura.hughes@bryancave.com

*Local Counsel to the Debtors and Debtors in Possession*

# SCHEDULE 1
## Debtor Entities

| # | Entity | # | Entity |
|---|---|---|---|
| 1. | ACI Terminal, LLC | 37. | ICG Eastern, LLC |
| 2. | Allegheny Land Company | 38. | ICG Eastern Land, LLC |
| 3. | Apogee Holdco, Inc. | 39. | ICG Illinois, LLC |
| 4. | Arch Coal, Inc. | 40. | ICG Natural Resources, LLC |
| 5. | Arch Coal Sales Company, Inc. | 41. | ICG Tygart Valley, LLC |
| 6. | Arch Coal West, LLC | 42. | International Coal Group, Inc. |
| 7. | Arch Development, LLC | 43. | Jacobs Ranch Coal LLC |
| 8. | Arch Energy Resources, LLC | 44. | Jacobs Ranch Holdings I LLC |
| 9. | Arch Reclamation Services, Inc. | 45. | Jacobs Ranch Holdings II LLC |
| 10. | Arch Western Acquisition Corporation | 46. | Juliana Mining Company, Inc. |
| 11. | Arch Western Acquisition, LLC | 47. | King Knob Coal Co., Inc. |
| 12. | Arch Western Bituminous Group, LLC | 48. | Lone Mountain Processing, Inc. |
| 13. | Arch Western Finance LLC | 49. | Marine Coal Sales Company |
| 14. | Arch Western Resources, LLC | 50. | Melrose Coal Company, Inc. |
| 15. | Arch of Wyoming, LLC | 51. | Mingo Logan Coal Company |
| 16. | Ark Land Company | 52. | Mountain Coal Company, L.L.C. |
| 17. | Ark Land KH, Inc. | 53. | Mountain Gem Land, Inc. |
| 18. | Ark Land LT, Inc. | 54. | Mountain Mining, Inc. |
| 19. | Ark Land WR, Inc. | 55. | Mountaineer Land Company |
| 20. | Ashland Terminal, Inc. | 56. | Otter Creek Coal, LLC |
| 21. | Bronco Mining Company, Inc. | 57. | Patriot Mining Company, Inc. |
| 22. | Catenary Coal Holdings, Inc. | 58. | P.C. Holding, Inc. |
| 23. | Catenary HoldCo, Inc. | 59. | Powell Mountain Energy, LLC |
| 24. | Coal-Mac, Inc. | 60. | Prairie Coal Company, LLC |
| 25. | CoalQuest Development LLC | 61. | Prairie Holdings, Inc. |
| 26. | Cumberland River Coal Company | 62. | Saddleback Hills Coal Company |
| 27. | Energy Development Co. | 63. | Shelby Run Mining Company, LLC |
| 28. | Hawthorne Coal Company, Inc. | 64. | Simba Group, Inc. |
| 29. | Hobet Holdco, Inc. | 65. | Thunder Basin Coal Company, L.L.C. |
| 30. | Hunter Ridge, Inc. | 66. | Triton Coal Company, L.L.C. |
| 31. | Hunter Ridge Coal Company | 67. | Upshur Property, Inc. |
| 32. | Hunter Ridge Holdings, Inc. | 68. | Vindex Energy Corporation |
| 33. | ICG, Inc. | 69. | Western Energy Resources, Inc. |
| 34. | ICG, LLC | 70. | White Wolf Energy, Inc. |
| 35. | ICG Beckley, LLC | 71. | Wolf Run Mining Company |
| 36. | ICG East Kentucky, LLC | | |

# Exhibit A

**Buchwald, Lara Samet**

| | |
|---|---|
| **From:** | Moskowitz, Elliot |
| **Sent:** | Friday, May 27, 2016 1:01 PM |
| **To:** | O'Neill, P. Bradley; Mannal, Douglas (DMannal@KRAMERLEVIN.com) |
| **Cc:** | Huebner, Marshall S.; Resnick, Brian M.; Buchwald, Lara Samet; Axelrod, Nick M. |
| **Subject:** | Schedule for Standing Litigation |

Brad,

As discussed, I am writing to discuss the schedule for the standing litigation in the event there is no settlement that resolves this.  We do not believe the current schedule for the standing litigation is sensible, both from the perspective of briefing and also because we do not think the judge can realistically hear both the disclosure statement and a contested standing hearing on the same day given the number of disputes at issue.  Accordingly, we propose the schedule below:

Current Schedule:

Debtors' brief – June 2
UCC Reply – June 8
Hearing – June 9

Proposed Schedule:

Debtors' brief – June 17
UCC Reply – June 27
Hearing – July 6

Please let me know your views soonest.

Thanks,
Elliot


**Elliot Moskowitz**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4241   tel
212 701 5241   fax
elliot.moskowitz@davispolk.com

**Davis Polk**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.