UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re:** <br><br> **ARCH COAL, INC.,** *et al.,* <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 16-40120-705 <br><br> (Jointly Administered) Related <br><br> to Docket No. 839 & 1047 |

**ORDER AUTHORIZING AND APPROVING THE ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY BY DEBTOR ARK LAND COMPANY AND DENYING THE ALTERNATIVE RELIEF REQUESTED, ENTRY OF AN ORDER DETERMINING PERFORMANCE IMPOSSIBLE/IMPRACTICABLE AND CONSTRUCTING A CONDITION OF PERFORMANCE BASED ON CHANGED CIRCUMSTANCES**

On May 18, 2016, Bryan M. Tarter filed a motion (the "**Motion**")[2] for an order, pursuant to sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6005 of the Federal Rules of Bankruptcy Procedure, seeking the setting of a time for the assumption or rejection of a Sale and Purchase Agreement dated as of June 21, 2011 (the "**Purchase Agreement**"), a Grazing Lease dated as of June 30, 2011 (the "**Grazing Lease**") and a Purchase Option dated as of June 30, 2011 (the "**Purchase Option**"), in each case by and between Bryan M. Tarter and Ark Land Company ("**Ark Land**") or in the alternative, for entry of an order determining performance impossible/impracticable and constructing a condition of performance based on changed circumstances.

---

[1] The Debtors are listed on Schedule 1 attached hereto. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

On June 29, 2016 the Debtors filed *Debtors' Response and Limited Objection to Motion of Bryan M. Tarter for Entry of an Order Setting Time for the Assumption or Rejection of Executory Contracts and/or Unexpired Leases of Nonresidential Real Property by Debtor Ark Land Company or in the Alternative, for Entry of an Order Determining Performance Impossible/Impracticable Based on Changed Circumstances* [ECF No. 1047] (the "**Response**").

This Court having jurisdiction to consider the matters raised in the Motion and the Response pursuant to 28 U.S.C. § 1334; and it having authority to hear the matters raised in the Motion and the Response pursuant to 28 U.S.C. § 157; and it having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and Mr. Tarter and the Debtors having represented that they have each provided proper and sufficient notice of the Motion and the Response, respectively; and the Court having reviewed the Motion and the Response; and the relief granted herein being in the best interests of Ark Land, its estates and its creditors; and the Court having determined that there exists the required basis for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation;

**IT IS HEREBY ORDERED** that:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, Ark Land shall, as of the date of this Order, assume the Grazing Lease and the Purchase Option without payment of any cure costs.

3. Ark Land shall, as of the date of this Order, reject the Purchase Agreement.

4. Claims arising out of the rejection of the Purchase Agreement must be timely filed in accordance with the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [ECF No. 674]; *provided* that the Debtors hereby

-2-

stipulate, admit and agree that Mr. Tarter has an allowed general unsecured claim in respect of the outstanding balance under the Purchase Agreement in the amount of $867,121.16.

5. Except as set forth in this Order, the assumption of the Grazing Lease and Purchase Option does not represent a waiver by any party in interest, including Ark Land and Mr. Tarter, of any postpetition rights, claims or defenses in connection with or arising from the Purchase Agreement, Grazing Lease and/or Purchase Option.

6. All of Mr. Tarter's prepetition claims relating to the Grazing Lease and Purchase Option are hereby disallowed and expunged in their entirety without further need for any action by Ark Land or further Bankruptcy Court approval. The Debtors' claims agent is hereby directed to reflect the expungment of Claim Nos. 1621 and 1622 from the claims register.

7. As of the date of this Order, notwithstanding any provision of the Grazing Lease, the Purchase Agreement or the Purchase Option, Mr. Tarter shall have no further obligation to (a) to assist Ark Land or any successor thereto in obtaining any mining permit or other permit required for the Otter Creek Mine Project, *provided* that Mr. Tarter shall not directly oppose or interfere with Ark Land obtaining any such permit, or (b) negotiate, execute or deliver a Ground and Surface Water Monitoring Agreement or allow the installation and maintenance of equipment for the monitoring of ground and/or surface water and related access on real property owned by Mr. Tarter and not sold to Ark Land.

8. The alternative relief requested by Mr. Tarter, the entry of an order determining performance impossible/impracticable and constructing a condition of performance based on changed circumstances, shall be and is hereby denied.

9. Ark Land executed and delivered to Mr. Tarter the Purchase Agreement (Motion Exhibit "1") and the following are exhibits to the Purchase Agreement:

- Exhibit A: Special Warranty Deed, dated as of June 27, 2011 (the "**Deed**");

- Exhibit B: Bill of Sale, dated as of June 27, 2011 (the "**Bill of Sale**");

- Exhibit C: Grazing Lease, dated as of June 30, 2011 (the "**Grazing Lease**") and Memorandum Notice of Grazing Lease;

- Exhibit D: Purchase Option, dated as of June 30, 2011 (the "**Purchase Option**") and Memorandum Notice of Purchase Option; and

- Exhibit E: Promissory Note, dated as of June 24, 2011 (the "**Promissory Note**").

10. The Memorandum Notice of Grazing Lease and the Memorandum Notice of Purchase Option were recorded in the Records of Powder River County, Montana on or about July 1, 2011 which was prior to the recording of the $3,000,000,000.00 PNC Mortgage (Motion Exhibit "2") on November 29, 2012 and the $700,000,000.00 UMB Mortgage (Motion Exhibit "3") on June 13, 2014 in the Records of Powder River County, Montana.

11. The Purchase Agreement did not require and Ark Land did not execute and deliver a Deed of Trust to Mr. Tarter and therefore, no Deed of Trust was recorded in the Records of Powder River County, Montana in June or July 2011 to secure payment of the Promissory Note.

12. As a result, Mr. Tarter is a creditor holding an allowed unsecured claim in this bankruptcy case and may receive at most cents on the dollar if the Debtors' amended Chapter 11 Plan of Reorganization is confirmed.

13. If Mr. Tarter had received an executed Deed of Trust from Ark Land and recorded the Deed of Trust in the Records of Powder River County, Montana, Mr. Tarter would instead be a creditor holding an allowed secured claim in this bankruptcy case.

14. The result of failing to have a recorded Deed of Trust to secure the payments pursuant to the Purchase Agreement and Promissory Note is not an unexpected contingency but a basic matter of law and secured transactions.

15. Mr. Tarter's Grazing Lease may expire before Ark Land obtains a mining permit and builds the Otter Creek Mine.

16. If the Otter Creek Mine is not built, Mr. Tarter may never have the opportunity to exercise his Purchase Option and Ark Land's real property may forever remain subject to Mr. Tarter's Purchase Option.

17. The possibility or risk that Ark Land may not obtain a mining permit or build the Otter Creek Mine was not addressed in the Purchase Agreement, Grazing Lease, Memorandum Notice of Grazing Lease, Purchase Option, Memorandum Notice of Purchase Option or any of the other exhibits to the Purchase Agreement.

18. The possibility or risk that Ark Land may not obtain a mining permit or build the Otter Creek Mine was not an unexpected contingency and it should have been addressed and the risk allocated in the Purchase Agreement, Grazing Lease, Memorandum Notice of Grazing Lease, Purchase Option, Memorandum Notice of Purchase Option and other exhibits to the Purchase Agreement.

19. Under the circumstances, it is not appropriate for the Court to determine that performance is impossible/impracticable and construct a condition of performance based on changed circumstances.

20. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule of the Bankruptcy Court for the Eastern District of Missouri that

-5-

might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. Mr. Tarter and the Debtors have each represented that proper, timely, adequate and sufficient notice of the Motion and Response, respectively, has been provided in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Eastern District of Missouri.

23. No later than 24 hours after the date of the entry of this Order, the Debtors shall serve a copy of this Order on Mr. Tarter, the Core Parties and any Non-ECF Parties (as defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* on January 21, 2016 [ECF No. 155]) and, no later than 24 hours after such service, the Debtors shall file a certificate of service with the Court.

DATED: July 18, 2016
St. Louis, Missouri 63102
erk

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

# SCHEDULE 1
## Debtor Entities

| | | | | |
|---|---|---|---|---|
| 1. | ACI Terminal, LLC | | 37. | ICG Eastern, LLC |
| 2. | Allegheny Land Company | | 38. | ICG Eastern Land, LLC |
| 3. | Apogee Holdco, Inc. | | 39. | ICG Illinois, LLC |
| 4. | Arch Coal, Inc. | | 40. | ICG Natural Resources, LLC |
| 5. | Arch Coal Sales Company, Inc. | | 41. | ICG Tygart Valley, LLC |
| 6. | Arch Coal West, LLC | | 42. | International Coal Group, Inc. |
| 7. | Arch Development, LLC | | 43. | Jacobs Ranch Coal LLC |
| 8. | Arch Energy Resources, LLC | | 44. | Jacobs Ranch Holdings I LLC |
| 9. | Arch Reclamation Services, Inc. | | 45. | Jacobs Ranch Holdings II LLC |
| 10. | Arch Western Acquisition Corporation | | 46. | Juliana Mining Company, Inc. |
| 11. | Arch Western Acquisition, LLC | | 47. | King Knob Coal Co., Inc. |
| 12. | Arch Western Bituminous Group, LLC | | 48. | Lone Mountain Processing, Inc. |
| 13. | Arch Western Finance LLC | | 49. | Marine Coal Sales Company |
| 14. | Arch Western Resources, LLC | | 50. | Melrose Coal Company, Inc. |
| 15. | Arch of Wyoming, LLC | | 51. | Mingo Logan Coal Company |
| 16. | Ark Land Company | | 52. | Mountain Coal Company, L.L.C. |
| 17. | Ark Land KH, Inc. | | 53. | Mountain Gem Land, Inc. |
| 18. | Ark Land LT, Inc. | | 54. | Mountain Mining, Inc. |
| 19. | Ark Land WR, Inc. | | 55. | Mountaineer Land Company |
| 20. | Ashland Terminal, Inc. | | 56. | Otter Creek Coal, LLC |
| 21. | Bronco Mining Company, Inc. | | 57. | Patriot Mining Company, Inc. |
| 22. | Catenary Coal Holdings, Inc. | | 58. | P.C. Holding, Inc. |
| 23. | Catenary HoldCo, Inc. | | 59. | Powell Mountain Energy, LLC |
| 24. | Coal-Mac, Inc. | | 60. | Prairie Coal Company, LLC |
| 25. | CoalQuest Development LLC | | 61. | Prairie Holdings, Inc. |
| 26. | Cumberland River Coal Company | | 62. | Saddleback Hills Coal Company |
| 27. | Energy Development Co. | | 63. | Shelby Run Mining Company, LLC |
| 28. | Hawthorne Coal Company, Inc. | | 64. | Simba Group, Inc. |
| 29. | Hobet Holdco, Inc. | | 65. | Thunder Basin Coal Company, L.L.C. |
| 30. | Hunter Ridge, Inc. | | 66. | Triton Coal Company, L.L.C. |
| 31. | Hunter Ridge Coal Company | | 67. | Upshur Property, Inc. |
| 32. | Hunter Ridge Holdings, Inc. | | 68. | Vindex Energy Corporation |
| 33. | ICG, Inc. | | 69. | Western Energy Resources, Inc. |
| 34. | ICG, LLC | | 70. | White Wolf Energy, Inc. |
| 35. | ICG Beckley, LLC | | 71. | Wolf Run Mining Company |
| 36. | ICG East Kentucky, LLC | | | |