

Nov 04, 2016

CHARLES E. RENDLEN, III
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ARCH COAL, INC., et al | Case No. 16-40120-705 |
| Debtors. | (Jointly Administered) |
| CDS FAMILY TRUST, LLC | Objection Deadline: June 30, 2016 |
| *Movant,* | |
| v. | Hearing Date and Time: July 6, 2016 1:00 p.m. |
| VINDEX ENERGY CORPORATION, | |
| *Respondent.* | Hearing Location: Thomas F. Eagleton U.S. Courthouse, 111 South Tenth St., Floor 7, South Courtroom, St. Louis, MO 63102 |

**NOTICE OF THE CDS FAMILY TRUST, LLC'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AUTHORIZING RELIEF FROM THE AUTOMATIC STAY TO CONTINUE PENDING ARBITRATION AGAINST THE DEBTOR, VINDEX ENERGY CORPORATION**

PLEASE TAKE NOTICE that this motion is scheduled for hearing on July 6, 2016, at 1:00 p.m. (prevailing Central Time), in Bankruptcy Courtroom 7 South, in the Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102.

WARNING: ANY RESPONSE OR OBJECTION MUST BE FILED WITH THIS COURT BY JUNE 30, 2016. A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE.

{B2602124.2}   1

**MOTION OF THE CDS FAMILY TRUST, LLC FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. § 362(d) AUTHORIZING RELIEF FROM THE
AUTOMATIC STAY TO CONTINUE PENDING ARBITRATION AGAINST THE
DEBTOR, VINDEX ENERGY CORPORATION**

AND NOW comes CDS Family Trust, LLC ("CDS"), by and through its undersigned counsel, Babst, Calland, Clements and Zomnir, P.C., and Affinity Law Group, LLC and files the following *Motion for Entry of an Order Pursuant to 11 U.S.C. § 362(d) Authorizing Relief from the Automatic Stay to Continue Pending Arbitration Against the Debtor, Vindex Energy Corporation* (this "Motion"), averring as follows:

### RELIEF REQUESTED

1. By this Motion, and pursuant to Section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Local Rules for the Eastern District of Missouri, CDS seeks entry of an order (the "Proposed Order") granting relief from the automatic stay to continue a pending arbitration against the Debtor, Vindex Energy Corporation (the "Vindex Debtor"). Granting this Motion will aid in the liquidation of CDS' claim against the Vindex Debtor in these Chapter 11 cases. As set forth below in more detail, the relief sought herein will not prejudice the Vindex Debtor's or any creditor's otherwise applicable rights and claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

3. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157.

4. The statutory basis for the relief requested herein is 11 U.S.C. § 362(d) of the Bankruptcy Code.

{B2547616.1}    2

## THE PARTIES

5. On January 11, 2016 (the "Petition Date"), the Vindex Debtor and its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Chapter 11 cases* entered by this Court on January 13, 2016 in each of the Debtors' cases.

8. Movant, CDS is a Delaware limited liability company with a registered address of c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## FACTUAL BACKGROUND

9. CDS was created in order to administer the family trust that was created by the will of Carl DelSignore ("Mr. DelSignore"), as a way of providing benefits to Mr. DelSignore's family members upon his death.

10. Mr. DelSignore was one of three brothers who formed the Buffalo Coal Company ("Buffalo"), and in March of 2001, CDS leased certain properties containing coal reserves (the "Leased Premises") to Buffalo for the purpose of mining, processing and transporting coal.

11. After significant financial troubles, on May 5, 2006, Buffalo filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of West Virginia (the "West Virginia Bankruptcy Court").

12. In 2006, with approval of the West Virginia Bankruptcy Court, the Vindex Debtor purchased certain assets from Buffalo's bankruptcy estate, which purchased assets included the CDS lease.

13. On January 30, 2007, the Vindex Debtor and CDS entered into that certain Master Lease Agreement ("MLA"), superseding the earlier lease to Buffalo, and under which CDS agreed to lease the Leased Premises to the Vindex Debtor for the purpose of mining, processing and transporting the coal in the Leased Premises and to maximize royalty revenues.

14. On February 6, 2015, due to various disputes between CDS and the Vindex Debtor under the MLA, pursuant to the arbitration provisions of the MLA, CDS served the Vindex Debtor with a demand for private arbitration before a panel of three arbitrators (the "Arbitration Panel"), which arbitration is captioned as *In re: Arbitration of "Master Lease Agreement," dated January 30, 2007 between CDS Family Trust, LLC, Claimant and Vindex Energy Corporation, Respondent and Counter-Claimant* (the "Arbitration"). CDS' claims against the Vindex Debtor in the Arbitration consist primarily of (i) breach of contract claims relating to the Vindex Debtor's failure to mine the Leased Premises as required by the terms of the MLA; (ii) a determination that the MLA has been accordingly terminated; and (iii) that CDS is entitled to monetary damages for such breach and termination.

15. On February 20, 2015, the Vindex Debtor denied that CDS is entitled to such relief and set forth a counter demand for arbitration claiming that it is CDS who is in violation of the terms of the MLA.

16. On September 23, 2015, an arbitration hearing was held before the Arbitration Panel and testimony and exhibits were presented by CDS and the Vindex Debtor with respect to their positions. Post-hearings briefs were then submitted by the parties on November 10, 2015.

{B2547616.1}                                      4

17. CDS believes that certain actions taken by the Vindex Debtor since that time, including schedules and motions filed in this bankruptcy proceeding, are relevant to the issues before the Arbitration Panel, and seeks to re-open the record in the Arbitration to introduce such evidence prior to the issuance of an award by the Arbitration Panel. CDS anticipates that the Vindex Debtor will consent to modification of the automatic stay to allow the arbitrators to issue their decision, but will oppose re-opening of the record in the arbitration. CDS respectfully suggests that the arbitrators are in best position to decide whether, and to what extent, the record in the arbitration should be re-opened. Accordingly, CDS seeks relief from stay to allow the Arbitration Panel to decide whether and to what extent to re-open the record, and then to issue a decision.

## STANDARD FOR RELIEF

18. CDS respectfully requests that this Court enter the Proposed Order pursuant to Section 362(d)(1) of the Bankruptcy Code lifting the automatic stay provisions of 11 U.S.C. § 362 for the purpose of allowing the Arbitration Panel to continue, which will allow the Arbitration Panel, as and when it deems appropriate, to render a decision in the Arbitration in order to determine whether the MLA should be declared terminated, and the extent and amount of any liability of the Vindex Debtor to CDS. CDS will not seek to satisfy any judgment obtained in the Arbitration from the assets of the bankruptcy estate during the pendency of this bankruptcy case without further order of this Honorable Court.

19. The purpose of the automatic stay is to "provide a debtor with a breathing spell and prevent harassment and frustration of rehabilitation efforts through pursuit by creditors..." *Matter of Kozak Farms, Inc.* 47 B.R. 399, 402 (Bankr.W.D.Mo. 1985).

{B2547616.1}  5

20. However, "the mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, its opportunity to litigate, or the fact that the debtor may be liable to the plaintiff in some amount." *In re Wiley*, 288 B.R. 818, 822 (8th Cir. BAP 2003).

21. Bankruptcy Code Section 362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay for *cause*. *In re Blan*, 237 B.R. 737, 739 (8th Cir. BAP 1999). Although Congress did not define *cause* in the Bankruptcy Code, "it intended that the automatic stay could be lifted to allow litigation involving the debtor to continue in a non-bankruptcy forum under certain circumstances." *Wiley*, 288 B.R. at 822 (citing *Blan*, 237 B.R. at 739).

22. Both the *Blan* and *Wiley* courts noted that "it would often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *Id*.

23. In making a determination of whether to grant relief from stay, the court must balance the potential prejudice to the debtor, to the bankruptcy estate, and to the other creditors against the hardship of the moving party if it is not allowed to proceed in state court. *Id*. The 8th Circuit evaluates the following factors in balancing such hardships: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Id.*

24. A balancing of the above-referenced factors weighs substantially in favor of granting CDS relief from the automatic stay to continue the Arbitration. The most relevant and compelling factors at issue are that (1) the interests of judicial economy will be served as the litigation in the Arbitration has been before the Arbitration Panel since February of 2015 and the

25. Furthermore, CDS' request for relief is conditioned upon CDS agreeing not to seek recovery on any monetary judgment that may be entered as a part of the Arbitration Award against the Debtors' bankruptcy estates absent further Order of this Honorable Court.

26. Based on the foregoing circumstances, facts and legal authority, CDS asserts that cause for granting relief from the automatic stay in this matter exists under Section 362(d)(1) of the Bankruptcy Code.

27. A copy of the proposed Order granting the relief requested herein may be found at *https://cases.primeclerk.com/archcoal*.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, Movant, CDS Family Trust, LLC, respectfully requests that this Court enter an Order granting CDS' *Motion for Entry of an Order Pursuant to 11 U.S.C. § 362(d) Authorizing Relief from the Automatic Stay to Continue Pending Arbitration Against the Debtor, Vindex Energy Corporation*, together with any other relief this Honorable Court deems just and proper.

Respectfully submitted,

Date:  June 3, 2016

AFFINITY LAW GROUP, LLC

/S/      J. Talbot Sant, Jr.
J. Talbot Sant, Jr. Mo Bar # 35324
Tsant @affinitylawgrp.com
1610 Des Peres Road, Suite 100
St. Louis, MO 63131
Telephone: 314-872-3333

AND

BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.

Mark A. Lindsay, Esquire
PA Attorney ID: 89487
mlindsay@babstcalland.com
Erica K. Dausch, Esquire
PA Attorney ID: 306829
edausch@babstcalland.com
Two Gateway Center, 7th Floor
Pittsburgh, PA 15222
Telephone: 412-773-8706

*Counsel to CDS Family Trust, LLC*