# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6020
_____

In re: Arch Coal, Inc.

*Debtor*

------------------------------

Michael Frakes; Jennifer Frakes

*Interested parties - Appellants*

v.

Arch Coal, Inc.

*Debtor - Appellee*

City of Springfield

*Intervenor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 16, 2018
Filed: December 6, 2018

_____

Before SALADINO, Chief Judge, SHODEEN and DOW, Bankruptcy Judges.

_____

SALADINO, Chief Judge.

Appellants, Michael and Jennifer Frakes, appeal the July 3, 2018, order of the bankruptcy court[1] denying their "Amended Motion for Determination that Confirmation Order Does Not Bar a State Court Action Relating to the Springfield, Illinois Coal Contract." For the reasons discussed below, we dismiss this appeal as premature.

We have jurisdiction to hear appeals "from final judgments, orders, and decrees[.]" 28 U.S.C. § 158(a)(1) and (b)(1). An order is considered final if "(1) [it] leaves the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." *Nebraska v. Strong* (*In re Strong*), 293 B.R. 764, 767 (B.A.P. 8th Cir. 2003) (*citing First Nat'l Bank v. Allen,* 118 F.3d 1289, 1293 (8th Cir. 1997).

The first paragraph of the motion filed by the appellants asked the bankruptcy court "to determine" that they "are not prohibited by bankruptcy law, the confirmed plan of reorganization ... or other order of this Court from filing and prosecuting" a proposed state court complaint. The prayer of the motion asks

---

[1]The Honorable Charles E. Rendlen, III, United States Bankruptcy Judge for the Eastern District of Missouri.

"that the Court enter an Order authorizing them to file and prosecute to completion the claims set forth in the attached Complaint." In support, the appellants advance three reasons as to why they should be able to proceed in state court with their proposed complaint: (i) the debt is of the kind described in § 1141(d)(6), a self-effectuating exception to discharge; (ii) the plan discharge provision does not bind appellants because they were known creditors who did not receive notice of confirmation process; and (iii) the assumption of the contract does not prohibit appellants from proceeding in state court on a claim to void the contract on public policy grounds. The bankruptcy court addressed each assertion in turn.

Addressing the issue of whether the alleged debt was discharged pursuant to § 1141(d)(6), the bankruptcy court held that "an action for a declaratory judgment on the issue of dischargeability of a debt also must be timely brought in an adversary proceeding, pursuant to Rule 7001(9)." Accordingly, the bankruptcy court denied the motion without prejudice to the filing of an adversary proceeding by appellants.

Since the bankruptcy court never reached the merits of the request for declaratory judgment on the discharge issue under 1141(d)(6) and determined that an adversary proceeding was necessary, the parties and the bankruptcy court have more to do than simply execute the court's order. Consequently, regardless of whether the parties agree with the bankruptcy court's procedural ruling, the bankruptcy court's order is not final. *U.S. Bank Nat'l Ass'n v. Lewis and Clark Apartments, LP* (*In re Lewis and Clark Apartments, LP*), 479 B.R. 47, 50-51 (B.A.P. 8th Cir. 2012).

We recognize that the bankruptcy court went on in its order to issue rulings (or perhaps partial rulings) regarding a notice issue and the effect of assumption of the contract on the plaintiffs' request for relief. Frankly, we view the three issues–the self-effectuating nature of the exception from discharge under §

-3-

1141(d)(6), notice, and effect of assumption--simply as three arguments supporting the underlying request of the plaintiffs for a declaration that they are not barred from proceeding in state court. Those issues can all be properly addressed if and when the plaintiffs file an adversary proceeding as suggested by the bankruptcy court.

Since the bankruptcy court did not reach the merits of the entire motion, the order from which this appeal was taken did not dispose of all the claims of all the parties in the contested matter. While "[t]his is the antithesis of a final judgment," *Hicks v. Missouri Dep't of Revenue* (*In re Hicks*), 369 B.R. 420, 423 (B.A.P. 8th Cir. 2007), such an order may, under certain circumstances, nevertheless be considered final.

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b) (in pertinent part).[2] Those circumstances, however, are not present in this case. The bankruptcy court did not direct entry of a final judgment or expressly determine there was no just reason for delay in entering a final judgment. Consequently, the bankruptcy court's order is not final and we have no jurisdiction to review it. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011).

---

[2]Fed.R.Civ.P. 54(b) applies in adversary proceedings. Fed.R.Bankr.P. 7054(a).

We also have jurisdiction to hear appeals, "with leave of the court, from . . . interlocutory orders and decrees[.]" 28 U.S.C. § 158(a)(3) and (b)(1). Such leave, however, should be sparingly granted and only in exceptional cases. *Gen. Elec. Capital Corp. v. Machinery, Inc.* (*In re Machinery, Inc.*), 275 B.R. 303, 305-06 (B.A.P. 8th Cir. 2002) (citation therein).

The general rule is the appellants must file both a notice of appeal and a motion for leave to appeal. Fed.R.Bankr.P. 8001(b). While appellants did not file a motion for leave to appeal,

> [i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the . . . bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The . . . bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

Fed.R.Bankr.P. 8003(c) (in pertinent part). In deciding whether to grant leave to appeal, we are guided by 28 U.S.C. § 1292(b).

> Section 1292(b) requires that: (1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the bankruptcy court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation.

*Machinery, Inc.*, 275 B.R. at 306 (internal brackets omitted).

-5-

Appellants did not address these requirements, and even if they were somehow able to satisfy the first three requirements, nothing in the record suggests an immediate appeal would materially advance the termination of the litigation. In fact, it would delay termination of the litigation as the merits of the pending motion have not been addressed. Accordingly, we deny appellants leave to appeal.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed as premature.

_____